# EXHIBIT A

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____Allegheny_____ **County**

| For Prothonotary Use Only: | |
|---|---|
| | *TIME STAMP* |
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Coraopolis Water and Sewer Authority | 3M Company |

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a Class Action Suit?** ☐ Yes ☒ No    **Is this an MDJ Appeal?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Vincent A. Tucceri, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☒ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

# IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) | CIVIL DIVISION G.D. No.: |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| vs. | ) ) | |
| 3M COMPANY, E. I. DUPONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY LLC, | ) ) ) | CODE:  004 PRODUCTS LIABILITY |
| DOWDUPONT, INC., DUPONT CHEMICAL SOLUTIONS ENTERPRISE, THE CHEMOURS COMPANY FC, LLC, CHEMGUARD, INC., TYCO FIRE PRODUCTS LP, THE ANSUL COMPANY, JOHNSON CONTROLS INTERNATIONAL, PLC, KIDDE-FENWAL, INC., KIDDE PLC, INC., KIDDE FIRE FIGHTING, INC., UTC FIRE & SECURITY AMERICAS CORPORATION, INC., NATIONAL FOAM, INC., ANGUS INTERNATIONAL SAFETY GROUP, LTD., ANGUS FIRE ARMOUR CORPORATION, BUCKEYE FIRE EQUIPMENT COMPANY, DYNEON LLC, ARKEMA, INC., ARKEMA FRANCE, S.A., SOLVAY SPECIALTY POLYMERS, USA, LLC, UNITED TECHNOLOGIES CORPORATION, CHUBB FIRE, LTD., ARCHROMA MANAGEMENT, LLC. AGC, INC., DAIKIN INDUSTRIES, LTD., DAIKIN AMERICA, INC., DYNAX CORPORATION, JOHNSON CONTROLS FIRE PROTECTION, NATION FORD CHEMICAL CORPORATION, NARCHEM CORPORATION, BASF CORPORATION, CHEMICALS, INC., CHEMDESIGN PRODUCTS, INC., CLARIANT CORPORATION, CORTEVA, INC., DEEPWATER | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Filed on Behalf of: Coraopolis Water and Sewer Authority, Plaintiff  Co-Counsel of Record for this Party:  Vincent A. Tucceri, Esquire Pa. I.D. #27643 vtucceri@gtnlaw.com  Nathaniel J. Boring, Esquire Pa. I.D. #321032 nboring@gtnlaw.com  Gaitens, Tucceri & Nicholas, P.C. Firm #562 519 Court Place Pittsburgh, PA  15219 412-391-6920  *(Pro Hac Vice Pending)* Scott Summy, Esquire Cary McDougal, Esquire Carla Burke Pickrel, Esquire Cristina Sanchez, Esquire Zack Sandman, Esquire Baron & Budd, P.C. 3102 Oak Lawn Avenue Suite 1100 Dallas, TX 75219 214-521-3605 |

CHEMICALS, INC., ELÉ                    )
CORPORATION, and JOHN DOE               )
DEFENDANTS 1-49,                        )
                                        )
                   Defendants.          )


**JURY TRIAL DEMANDED**

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) | CIVIL DIVISION<br>G.D. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| vs. | ) | |
| | ) | |
| 3M COMPANY, et al., | ) | Filed on Behalf of: |
| | ) | Coraopolis Water and Sewer Authority, |
| Defendants. | ) | Plaintiff |

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

### LAWYER REFERRAL SERVICE

**The Allegheny County Bar Association**
**11th Floor Koppers Building, 436 Seventh Avenue**
**Pittsburg, Pennsylvania 15219**
**Telephone: 412-261-5555**

# IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) ) | CIVIL DIVISION<br>G.D. No.: |
| Plaintiff, | ) ) | |
| vs. | ) ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, et al., | ) ) | Filed on Behalf of: |
| Defendants. | ) | Coraopolis Water and Sewer Authority, Plaintiff |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Coraopolis Water and Sewer Authority ("Coraopolis" or "Plaintiff"), by and through its undersigned counsel, and brings this action against Defendants, 3M Company, E. I. DuPont De Nemours and Company, The Chemours Company LLC, DowDuPont Inc., DuPont Chemical Solutions Enterprise, The Chemours Company FC LLC, Chemguard, Inc., Tyco Fire Products LP, The Ansul Company, Johnson Controls International, PLC, Kidde-Fenwal, Inc., Kidde PLC, Inc., Kidde Fire Fighting, Inc., UTC Fire & Security Americas Corporation, Inc., National Foam, Inc., Angus International Safety Group, Ltd., Angus Fire Armour Corporation, Buckeye Fire Equipment Company, Dyneon, LLC, Arkema, Inc., Arkema France, S.A., Solvay Specialty Polymers, USA, LLC, United Technologies Corporation, Chubb Fire, Ltd., Archroma Management, LLC, AGC, Inc., Daikin Industries, Ltd., Daikin America, Inc., Dynax Corporation, Johnson Controls Fire Protection, Nation Ford Chemical Corporation, Narchem Corporation, BASF Corporation, Chemicals, Inc., Chemdesign Products, Inc., Clariant Corporation, Corteva, Inc., Deepwater Chemicals, Inc., Elé Corporation, and John Doe Defendants 1-49 (collectively, "Defendants"), and alleges as follows:

-1-

# I.     SUMMARY OF THE CASE

1.     Plaintiff brings this action against Defendants to recover any and all past and future compensatory and/or consequential damages for the investigation, remediation, removal, disposal, and monitoring of the ongoing contamination of its surface, groundwater, soil, and sediment caused and/or created by Defendants' products, as well as any and all punitive damages available as a result of the actions and/or inactions of Defendants.

2.     Plaintiff supplies drinking water to thousands of individuals throughout the borough.  Plaintiff owns and/or operates drinking water wells that supply water to residences, schools, and businesses.

3.     Plaintiff's water supply is contaminated with per- and polyfluoroalkyl substances ("PFAS") including, but not limited to, perfluorooctanoic acid ("PFOA") and/or perfluorooctane sulfonic acid ("PFOS").  Plaintiff seeks to recover by this action the substantial costs necessary to protect the public and restore its damaged drinking water supply wells that have been, and continue to be, contaminated by PFAS.

4.     At various times from the 1960s through today, Defendants manufactured, marketed, and/or sold PFAS or products made with PFAS including Teflon, Scotchguard, waterproofing compounds, stainproofing compounds, paper and cloth coatings, waxes, and various other products.  One product is aqueous film-forming foam ("AFFF"), a firefighting agent used to control and extinguish Class B fuel fires.

5.     Defendants' AFFF contained per- and polyfluoroalkyl substances ("PFAS"), specifically, perfluorooctanoic acid ("PFOA") and/or perfluorooctane sulfonic acid ("PFOS"), and/or contained the precursors of PFOA and PFOS.

-2-

6.      PFOA and PFOS are manufactured compounds that are toxic and persistent in the environment, do not biodegrade, move readily through soil and groundwater, and pose a significant risk to human health and safety.

7.      Defendants manufactured, marketed and/or sold PFAS with the knowledge that these toxic compounds would be released into the environment during the intended use of products made with PFAS even when the PFAS and end products were used as directed and intended by the manufacturer.

8.      At all relevant times, beginning decades ago and, upon information and belief, continuing to this date, PFAS-containing products were sold, supplied, used, and disposed in the vicinity of Plaintiff's wells and water supplies.  During these activities, PFAS-containing products were used as directed and intended by the manufacturers, which allowed PFOA and PFOS to enter the environment.  When used and disposed as intended, these compounds migrated through the soil and into the groundwater, thereby contaminating Plaintiff's water supply.

9.      Defendants manufactured, marketed and/or sold AFFF with the knowledge that these toxic compounds would be released into the environment during fire protection, training, and response activities even when the AFFF was used as directed and intended by the manufacturer.

10.      At all relevant times, beginning decades ago and, upon information and belief, continuing to this date, AFFF containing PFOS and/or PFOA has been used and stored at fire training facilities, airports, and military bases for fire protection, training, and response activities. During these activities, AFFF was used as directed and intended by the manufacturers, which allowed PFOA and PFOS to enter the environment.  When sprayed onto outdoor surfaces as intended, these compounds migrated through the soil and into the groundwater, thereby contaminating Plaintiff's water supply.

11.     As a result of the use of PFAS-containing products, including AFFF and others, for their intended purposes, Plaintiff has detected PFAS in its groundwater.

12.     Plaintiff files this lawsuit to recover compensatory and all other damages, including but not limited to the costs of designing, constructing, installing, operating and maintaining the treatment facilities and equipment required to comply with state and federal safe drinking water laws and to remove PFAS from the drinking water supplied to the public and/or for the costs of securing alternative sources of water as a result of the PFAS contamination, and to ensure that the responsible parties bear such expense, rather than Coraopolis and its ratepayers.

## II.    PARTIES

13.     Plaintiff, CORAOPOLIS WATER AND SEWER AUTHORITY, is a body corporate and politic of the Commonwealth of Pennsylvania (i.e., a municipal corporation organized pursuant to the Municipality Authorities Act, 53 Pa C.S.A. §5601 et seq.)) that is authorized to sue under Pennsylvania law.  Plaintiff operates a public water system that supplies drinking water to the residents of the Coraopolis area.

14.     The Coraopolis water system includes, among other elements, drinking water production wells that draw from groundwater aquifers and associated pumping, storage, treatment and distribution facilities and equipment, all of which will be referred to collectively in this Complaint as "the Coraopolis Wells." Among other things, the Coraopolis Wells include the right of Coraopolis to appropriate and use groundwater for drinking water supplies from such Wells.

15.     Coraopolis has significant property interests in the waters it appropriates and uses from the Coraopolis Wells, and also has significant property interests in the groundwaters that supply the Coraopolis Wells. The past, present and continuing contamination of such waters by PFAS constitutes injury to such waters for which Coraopolis is entitled to, and hereby does, seek

-4-

damages and other appropriate relief. All of Plaintiff's affected property interests, including the Coraopolis Wells, will be referred to collectively in this Complaint as "Coraopolis Property" or "Plaintiff's Property."

16.     The following Defendants designed, manufactured, formulated, marketed, promoted, distributed, sold (directly or indirectly), applied, discharged, disposed of and/or released the PFAS and/or products containing the PFAS that contaminates the Coraopolis Wells and water supply:

a.     Defendant 3M Company (f/k/a Minnesota Mining and Manufacturing Company) ("3M") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3M Center, St. Paul, Minnesota 55144. At all times relevant, 3M manufactured, marketed, promoted, distributed, and/or sold AFFF containing PFOA and/or PFOS used to fight fires at numerous military bases, airports, and other locations throughout the country.

b.     3M is the only company that manufactured and/or sold AFFF containing PFOS.

c.     Defendant E. I. DuPont De Nemours and Company ("DuPont") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805.

d.     Defendant Chemours Company LLC ("Chemours") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1007 Market Street, Wilmington, Delaware 19899. Chemours does business throughout the United States.

e.     In 2015, DuPont spun off its "Performance Chemicals" business to Chemours, along with certain environmental liabilities. Upon information and belief, at the time of the transfer of its Performance Chemicals business to Chemours, DuPont had been sued, threatened with suit and/or had knowledge of the likelihood of litigation to be filed regarding DuPont's liability for damages and injuries arising from the manufacture and sale of PFAS compounds and products that contain PFAS compounds.

f.     Defendant DowDuPont Inc. ("DowDuPont") is a Delaware corporation with its principal places of business at 974 Centre Road, Wilmington, Delaware 19805 and 2211 H.H. Dow Way, Midland, Michigan 48674. DowDuPont is the resulting parent entity from the merger of Dow Chemical

-5-

Company and DuPont that became effective August 31, 2017. DowDuPont is the parent of DuPont and, upon information and belief, is liable for damages set forth herein.

g.   DuPont Chemical Solutions Enterprise ("DuPont Chemical") is a Delaware Corporation, with a principal place of business located at 1007 Market Street Wilmington, Delaware 19899.

h.   Defendant The Chemours Company FC LLC ("Chemours FC"), successor in interest to DuPont Chemical Solutions Enterprise, is a Delaware Corporation and conducts business throughout the United States.  Its principal place of business is 1007 Market Street Wilmington, Delaware, 19899.

i.   Defendant Chemguard, Inc. ("Chemguard") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at One Stanton Street, Marinette, Wisconsin 54143. Chemguard does business throughout the United States.  This Defendant manufactured and sold AFFF that contained PFOA.

j.   Defendant Tyco Fire Products LP ("Tyco") is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business located at 1400 Pennbrook Parkway, Lansdale, Pennsylvania 19446.  Tyco is an indirect subsidiary that is wholly owned by Johnson Controls International plc, an Irish public limited company listed on the New York Stock Exchange [NYSE: JCI].

k.   Tyco manufactures the Ansul brand of products and is the successor-in-interest to the corporation formerly known as The Ansul Company ("Ansul") (hereinafter, Ansul and/or Tyco as the successor-in-interest to Ansul will be referred to collectively as "Tyco/Ansul").  At all times relevant, Tyco/Ansul manufactured, marketed, promoted, distributed, and/or sold fire suppression products, including AFFF, that contained fluorocarbon surfactants containing PFAS.

l.   Defendant The Ansul Company (hereinafter "Ansul") is a Wisconsin corporation, with its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

m.   Defendant Johnson Controls International, PLC ("Johnson Controls") is a Wisconsin corporation having a principal place of business at 5757 N. Green Bay Avenue, Milwaukee, Wisconsin 53209.  Johnson Controls, Inc., through mergers and/or acquisitions, is responsible for AFFF sold under the names Ansul Company, Chemguard and/or Tyco Fire Products.

n.    Defendant Kidde-Fenwal, Inc. ("Kidde-Fenwal") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at One Financial Plaza, Hartford, Connecticut 06101.   Kidde-Fenwal is the successor-in-interest to Kidde Fire Fighting, Inc. (f/k/a Chubb National Foam, Inc. f/k/a National Foam System, Inc.) (collectively, "Kidde/Kidde Fire").

o.    Defendant Kidde PLC, Inc. ("Kidde PLC") is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at One Carrier Place, Farmington, Connecticut 06034. Upon information and belief, Kidde PLC was formerly known as Williams Holdings, Inc. and/or Williams US, Inc.

p.    Defendant Kidde Fire Fighting, Inc. ("Kidde Fire") is a Pennsylvania corporation with principal offices at 400 Main Street, Ashland, Massachusetts 01721.   Upon information and belief, Kidde Fire was formerly known as National Foam, Inc., National Foam System, Inc., and/or Chubb National Foam, Inc.

q.    Defendant UTC Fire & Security Americas Corporation, Inc. (f/k/a GE Interlogix, Inc.) ("UTC") is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092.  Upon information and belief, Kidde-Fenwal, Inc. is part of the UTC Climate Control & Security unit of United Technologies Corporation.

r.    Defendant National Foam, Inc. ("National Foam") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 141 Junny Road, Angier, North Carolina 27501. National Foam manufactures the Angus brand of products and is the successor-in-interest to Angus Fire Armour Corporation (collectively, "National Foam/Angus Fire").  National Foam/Angus Fire does and/or has done business throughout the United States.  This Defendant manufactured and sold AFFF that contained PFOA.

s.    Defendant Angus International Safety Group, Ltd. ("Angus International") is a foreign private limited company, with offices at Station Road, High Bentham, Near Lancaster, United Kingdom LA2 7NA. Upon information and belief, Angus International is registered in the United Kingdom with a registered number of 8441763.

t.    Defendant Angus Fire Armour Corporation ("Angus Fire") is a Delaware corporation, with its principal offices at 141 Junny Road, Angier, North Carolina 27501.  Upon information and belief, Angus International is the corporate parent of National Foam and Angus Fire.

u.   Defendant Buckeye Fire Equipment Company ("Buckeye") is a foreign corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.  This Defendant manufactured and sold AFFF that contained PFOA.

v.   Defendant Dyneon, LLC ("Dyneon") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6744 33rd Street N, Oakdale, Minnesota 55128.

w.   Defendant Arkema, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 900 1st Avenue, King of Prussia, Pennsylvania 19406.  Arkema, Inc. is an operating subsidiary of Defendant Arkema France, S.A.

x.   Defendant Arkema France, S.A. is a publicly traded foreign corporation having its principal place of business in Colombes, France.  Arkema France, S.A. is the parent corporation of Defendant Arkema, Inc.  Arkema France, S.A. and Arkema, Inc. are collectively referred to herein as "Arkema."

y.   Defendant Solvay Specialty Polymers, USA, LLC ("Solvay"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4500 McGinnis Ferry Road, Alpharetta, Georgia 30005.

z.   Defendant United Technologies Corporation ("United Technologies") is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 8 Farm Springs Road, Farmington, Connecticut 06032.

aa.   Defendant Chubb Fire, Ltd. ("Chubb") is a foreign private limited company, with offices at Littleton Road, Ashford, Middlesex, United Kingdom TW15 1TZ. Upon information and belief, Chubb is registered in the United Kingdom with a registered number of 134210.  Upon information and belief, Chubb is or has been composed of different subsidiaries and/or divisions, including but not limited to, Chubb Fire & Security Ltd., Chubb Security, PLC, Red Hawk Fire & Security, LLC, and/or Chubb National Foam, Inc.

bb.   Defendant Archroma Management, LLC ("Archroma"), is a corporation existing under the laws of the country of Switzerland and does business throughout the United States. Archroma has its principal place of business in Reinach, Switzerland.

cc.   Defendant AGC, Inc. f/k/a Asahi Glass Co., Ltd. ("AGC"), is a corporation organized under the laws of Japan and does business throughout the United States. AGC has its principal place of business in Tokyo, Japan.

dd.    Defendant Daikin Industries, Ltd., is a corporation existing under the laws of Japan and does business throughout the United States. Defendant Daikin Industries, Ltd., has its principal place of business in Osaka, Japan.

ee.    Defendant Daikin America, Inc., is a corporation existing under the laws of Delaware and does business throughout the United States. Daikin America, Inc. has its principal place of business at 20 Olympic Drive, Orangeburg, New York 10962. Defendants Daikin Industries, Ltd. and Daikin America, Inc. are collectively referred to herein as "Daikin."

ff.    Defendant Dynax Corporation ("Dynax") is a Delaware Corporation which conducts business throughout the United States. Its principal place of business is at 103 Fairview Park Drive, Elmsford, New York 10523.

gg.    Defendant Johnson Controls Fire Protection Limited Partnership, f/k/a Tyco SimplexGrinnel or SimplexGrinnell Limited Partnership ("Johnson Fire Protection") is a foreign limited partnership organized under the laws of the State of Delaware which conducts business throughout the United States. Its principal place of business in North America is at 5757 N. Green Bay Avenue, Milwaukee, Wisconsin 53201.

hh.    Defendant Nation Ford Chemical Corporation ("Nation Ford") is a corporation organized under the laws of the State of South Carolina and conducts business throughout the United States. Its principal place of business is in York County, South Carolina.

ii.    Defendant Narchem Corporation ("Narchem") is an Illinois corporation and conducts business throughout the United States. Its principal place of business is 2519 Pan Am Boulevard, Elk Grove, Illinois 60007.

jj.    Defendant BASF Corporation ("BASF") is a Delaware corporation and conducts business throughout the United States. Its North American headquarters is at 100 Park Avenue, Florham Park, New Jersey 07932.

kk.    Defendant Chemicals Inc. ("Chemicals Inc.") is a Texas corporation and conducts business throughout the United States. Its principal place of business is at 12321 Hatcherville Road, Baytown, Texas 77521.

ll.    Defendant ChemDesign Products Inc. ("Chemdesign") is a Wisconsin corporation and conducts business throughout the United States. Its principal place of business is at 2 Stanton Street, Marinette, Wisconsin 54143.

mm.    Defendant Clariant Corporation ("Clariant") is a New York corporation and conducts business throughout the United States. Its principal place of business is at 4000 Monroe Road, Charlotte, North Carolina 28205.

-9-

nn.  Defendant Corteva, Inc. ("Corteva") is a wholly owned subsidiary of DowDuPont. Corteva is a Delaware corporation, with a principal place of business in Wilmington, Delaware.

oo.  Defendant Deepwater Chemicals, Inc. ("Deepwater") is a Delaware corporation with a principal place of business at 196122 County Road 40, Woodward, Oklahoma 73801.

pp.  Defendant Elé Corporation ("Elé") is an Illinois corporation with a principal place of business at 7847 West 47th Street, McCook, Illinois 60525.

qq.  Upon information and belief, Defendants John Doe 1-49 were manufacturers and/or sellers of PFAS and/or PFAS-containing products including AFFF. Although the identities of the John Doe Defendants are currently unknown, it is expected that their names will be ascertained during discovery, at which time Plaintiff will move for leave of this Court to add those individuals' actual names to the Complaint as Defendants.

17.  The foregoing Defendants, including the John Doe Defendants, all were manufacturers and/or or sellers of PFAS and/or PFAS-containing products, including AFFF, who, on information and belief, manufactured, distributed, and/or sold PFAS and/or PFAS-containing products, including AFFF, that were used on the Plaintiff's Property.

18.  When the term "Defendants" is used alone, it refers to all Defendants named in this Complaint jointly and severally. Any and all references to a Defendant or Defendants in this Complaint include any predecessors, successors, parents, subsidiaries, affiliates, and divisions of the named Defendants. When reference is made to any act or omission of the Defendants, it shall be deemed to mean that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their employment or agency.

-10-

19.     Venue is proper in Allegheny County because it is the judicial district in which Plaintiff is a resident and citizen, a substantial part of the property that is the subject of this action is situated in this judicial district, and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## III.     FACTUAL ALLEGATIONS

### A.     THE CONTAMINANTS: PFOA & PFOS

20.     PFOA and PFOS are two chemicals within a class known as perfluoroalkyl acids ("PFAAs").  PFAAs are part of a larger chemical family known as per- and polyfluoroalkyl substances ("PFAS").  PFAA is composed of a chain of carbon atoms in which all but one of the carbon atoms are bonded to fluorine atoms, and the last carbon atom is attached to a functional group.  The carbon-fluorine bond is one of the strongest chemical bonds that occur in nature which is why these molecules are so persistent and bioaccumulate.

21.     PFAAs are sometimes described as long-chain and short-chain, depending on the number of carbon atoms contained in the carbon chain.  PFOA and PFOS are considered long-chain PFAAs because they each have eight carbon atoms in their chains.

22.     PFOA and PFOS do not occur in nature.  Rather, they are stable, man-made chemicals.  They are highly water soluble, persistent in the environment and resistant to biologic, environmental, or photochemical degradation.  Because these compounds are water soluble and do not readily adsorb to sediments or soil, they tend to stay in the water column and can be transported long distances.

23.    PFOA and PFOS are readily absorbed in animal and human tissues after oral exposure and accumulate in the serum, kidney, and liver.  They have been found globally in water, soil, and air as well as in human food supplies, breast milk, umbilical cord blood, and human blood serum.[1]

24.    PFOA and PFOS are persistent in the human body and resistant to metabolic degradation.  A short-term exposure can result in a body burden that persists for years and can increase with additional exposures.[2]

25.    Since they were first produced, information has emerged showing negative health effects caused by exposure to PFOA and PFOS.

26.    According to the EPA, "… studies indicate that exposure of PFOA and PFOS over certain levels may result in…developmental effects to fetuses during pregnancy or to breastfed infants (e.g., low birth weight, accelerated puberty, skeletal variations), cancer (e.g., testicular, kidney), liver effects (e.g., tissue damage), immune effects (e.g., antibody production and immunity), thyroid effects and other effects (e.g., cholesterol changes)."[3]

27.    The EPA has also warned that there is suggestive evidence of the carcinogenic potential for PFOA and PFOS in humans.[4]

---

[1] *See* Agency for Toxic Substances and Disease Registry, Per- and Polyfluoroalkyl Substances and Your Health, available at https://www.atsdr.cdc.gov/pfc/health_effects_pfcs.html.

[2] *See* EPA, Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA), EPA Document Number: 822-R-16-005 (May 2016) at 55; Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS), EPA Document Number: 822-R-16-004 (May 2016) at 55, both available at https://www.epa.gov/ground-water-and-drinking-water/supporting-documents-drinking-water-health-advisories-pfoa-and-pfos.

[3] *See* "Fact Sheet PFOA & PFOS Drinking Water Health Advisories," EPA Document Number: 800-F-16-003, available at https://www.epa.gov/ground-water-and-drinking-water/supporting-documents-drinking-water-health-advisories-pfoa-and-pfos.

[4] *See* "Health Effects Support Document for Perfluorooctane Sulfonate (PFOS)" U.S. Environmental Protection Agency Office of Water Health and Ecological Criteria Division, EPA Document Number: 822 R-16-002, available at https://www.epa.gov/ground-water-and-drinking-water/supporting-documents-drinking-water-health-advisories-pfoa-and-pfos.

28.     The EPA has noted that "drinking water can be an additional source [of PFOA/PFOS in the body] in the small percentage of communities where these chemicals have contaminated water supplies."   In communities with contaminated water supplies, "such contamination is typically localized and associated with a specific facility, for example […] an airfield at which [PFOA/PFOS] were used for firefighting."[5]

29.     No federal or state agency has approved PFAS as an additive to drinking water. No federal or state agency has approved releasing or discharging PFAS to groundwater.

30.     PFOS and/or PFOA are primary components of PFAS and AFFF.

**B.     THE PRODUCT: PFAS-CONTAINING PRODUCTS**

31.     PFAS are used to make a variety of consumer and industrial goods sold, supplied, used, and disposed of in the State of Pennsylvania.

32.     PFAS are used, for example, in nonstick cookware, waterproofing waxes, stain-preventing coatings, and aqueous film-forming foams ("AFFF") used for firefighting.

33.     When used as intended, PFAS escape these products and enter into the environment.

34.     Once PFAS, including PFOA and PFOS, are free in the environment they do not hydrolyze, photolyze, or biodegrade under typical environmental conditions, and they are extremely persistent in the environment.   As a result of their persistence, they are widely distributed throughout soil, air, and groundwater.

---

[5] *See* "Fact Sheet PFOA & PFOS Drinking Water Health Advisories," EPA Document Number: 800-F-16-003, available at https://www.epa.gov/ground-water-and-drinking-water/supporting-documents-drinking-water-health-advisories-pfoa-and-pfos.

35.     The use of PFAS-containing products as directed and intended by the manufacturers allowed PFOA and PFOS to enter into and onto Plaintiff's Property where these compounds migrated through the subsurface and into the groundwater, thereby contaminating the surface, soil, sediment and groundwater, as well as causing other extensive and ongoing damage to Plaintiff's Property.

36.     Due to the chemicals' persistent nature, among other things, these chemicals have, and continue to, cause injury and damage to Plaintiff's Property.

## C.    THE PRODUCT: AQUEOUS FILM-FORMING FOAM

37.     AFFF is a water-based foam that was first developed in the 1960s to extinguish flammable liquid fuel fires at airports, among other places.

38.     The AFFF made by Defendants contained either or both PFOA and PFOS.

39.     The AFFF produced, marketed, and/or sold by 3M was the only AFFF produced from fluorochemicals manufactured through electrochemical fluorination ("ECF"), a process that generates PFOS.  All other Defendants used telomerization to produce AFFF.  Fluorochemicals synthesized through telomerization degrade into PFOA, but not PFOS.

40.     AFFF can be made without PFOA and PFOS.  Fluorine-free foams do not release PFOA and/or PFOS into the environment.  Despite knowledge of this fact as well as knowledge of the toxic nature of AFFF made with PFOA and PFOS, defendants continued to manufacture, distribute and/or sell AFFF with PFOA and/or PFOS which led to the ongoing contamination and damages on Plaintiff's Property.

41.     AFFF is used to extinguish fires, particularly fires that involve petroleum or other flammable liquids.  AFFF is typically sprayed directly onto a fire, where it then works by coating the ignited fuel source, preventing its contact with oxygen, and suppressing combustion.

42.     When used as the Defendants intended and directed, AFFF releases PFOA and/or PFOS into the environment.

43.     Once PFOA and PFOS are free in the environment they do not hydrolyze, photolyze, or biodegrade under typical environmental conditions, and they are extremely persistent in the environment.  As a result of their persistence, they are widely distributed throughout soil, air, and groundwater.

44.     Defendants' AFFF containing PFOS and/or PFOA has been used for its intended purpose in the process of fire protection, training, and response activities for many years.  During these activities, AFFF was used as directed and intended by the manufacturer, which allowed PFOA and PFOS to enter into and onto Plaintiff's Property where these compounds migrated through the subsurface and into the groundwater, thereby contaminating the surface, soil, sediment and groundwater, as well as causing other extensive and ongoing damages.

45.     Due to the chemicals' persistent nature, among other things, these chemicals have, and continue to, cause injury and damage to Plaintiff's Property.

**D.    DEFENDANTS' KNOWLEDGE OF PFOA AND PFOS HAZARDS**

46.     On information and belief, by the 1970s, Defendants knew, or reasonably should have known, among other things, that: (a) PFOA and PFOS are toxic; and (b) when allowed to escape into the open environment per the instructions given by the manufacturer, PFOA and PFOS migrate through the subsurface, mix easily with groundwater, resist natural degradation, render drinking water unsafe and/or non-potable, and can be removed from public drinking water supplies only at substantial expense.

47.     At all times pertinent herein, Defendants also knew or should have known that PFOA and PFOS present a risk to human health and could be absorbed into the lungs and gastrointestinal tract, potentially causing severe damage to the liver, kidneys, and central nervous

-15-

system, in addition to other toxic effects, and that PFOA and PFOS are known carcinogens that cause genetic damage.

48.    In 1980, 3M published data in peer reviewed literature showing that humans retain PFOS in their bodies for years. Based on that data, 3M estimated that it could take a person up to 1.5 years to clear just half of the accumulated PFOS from their body after all exposures had ceased.[6]

49.    By the early 1980s, the industry suspected a correlation between PFOS exposure and human health effects. Specifically, manufacturers observed bioaccumulation of PFOS in workers' bodies and birth defects in children of workers.

50.    In 1981, DuPont tested for and found PFOA in the blood of female plant workers in Parkersburg, West Virginia. DuPont observed and documented pregnancy outcomes in exposed workers, finding two of seven children born to female plant workers between 1979 and 1981 had birth defects—one an "unconfirmed" eye and tear duct defect, and one a nostril and eye defect.[7]

51.    Beginning in 1983, 3M documented a trend of increasing levels of PFOS in the bodies of 3M workers. In an internal memo, 3M's medical officer warned, "we must view this present trend with serious concern. It is certainly possible that [...] exposure opportunities are providing a potential uptake of fluorochemicals that exceeds excretion capabilities of the body."[8]

52.    Notwithstanding their respective  knowledge of the dangers of AFFF made with PFOA and/or PFOS, Defendants  negligently and carelessly: (1) designed, manufactured, marketed, and/or sold PFAS-containing products including AFFF; (2) failed to warn users of

---

[6] *See* Letter from 3M to Office of Pollution Prevention and Toxics, EPA titled "TSCA 8e Supplemental Submission, Docket Nos. 8EHQ-0373/0374 New Data on Half Life of Perfluorochemicals in Serum," available at http://www.ewg.org/research/dupont-hid-teflon-pollution-decades.
[7]    *See* Memorandum "C-8 Blood Sampling Results, Births and Pregnancies," available at http://www.ewg.org/research/dupont-hid-teflon-pollution-decades.
[8] *See* Memorandum "Organic Fluorine Levels," August 31, 1984, available at http://www.ewg.org/research/dupont-hid-teflon-pollution-decades.

PFAS-containing products about the presence of, and emission of, PFOA and PFOS from those products; (3) issued instructions on how AFFF should be used and disposed of (namely, by washing the foam into the soil), thus improperly permitting PFOA and/or PFOS to contaminate soil and groundwater; (4) failed to recall and/or warn users of PFAS-containing products including AFFF of the dangers of soil and groundwater contamination as a result of the standard use and disposal of these products; (5) negligently designed products containing or degrading into PFOA and/or PFOS; and, (6) further failed and refused to issue the appropriate warnings and/or recalls to the users of AFFF containing PFOA and/or PFOS, notwithstanding the fact that Defendants knew the identity of the purchasers of the AFFF containing PFOA and/or PFOS.

53.     As a direct result of Defendants' acts alleged in this Complaint, Plaintiff's Property has been contaminated and will continue to be contaminated with PFOA and PFOS, creating an environmental and public health hazard, unless such contamination is remediated. As a direct and proximate result, Plaintiff must assess, evaluate, investigate, monitor, remove, clean up, correct, and remediate PFOA and PFOS contamination on its property at significant expense, loss and damage.

54.     Defendants had and breached their duty to evaluate and test such products adequately and thoroughly to determine their environmental fate and transport characteristics and potential human health and environmental impacts before they sold such products.  They also had and breached their duty to minimize the environmental harm caused by PFOA and PFOS. Moreover, Defendants failed to warn Plaintiff of the known risks for environmental and health hazards arising from using PFAS-containing products including AFFF in their intended manner for their intended purposes.

## E.    THE IMPACT OF PFOA AND PFOS ON PLAINTIFF'S PROPERTY

55.    PFAS, including but not limited to PFOA and PFOS, have been detected in varying amounts, at varying times in Coraopolis Wells.

56.    Plaintiff contends that any detectible level of PFOA and/or PFOS in its soil, surface water, groundwater, well water, or elsewhere on its property requires investigation, remediation and monitoring.

57.    The detection and/or presence of PFAS, including PFOA and PFOS, and the threat of further detection and/or presence of PFOA and PFOS, in the Coraopolis Wells in varying amounts and at varying times has resulted, and will continue to result, in significant injuries and damage to Plaintiff.

58.    Upon information and belief, the invasion of Plaintiff's Property with PFOA and PFOS is recurring—new contamination flows regularly and constantly through the groundwater and into Plaintiff's Property each day, resulting in new harm to the property and Plaintiff on each occasion.

59.    The injuries to Plaintiff caused by Defendants' conduct constitute an unreasonable interference with, and damage to, the Plaintiff's Property. Plaintiff's interests in protecting its property constitute a reason for seeking damages sufficient to restore such property to its pre-contamination condition.

## FIRST CAUSE OF ACTION

## PUBLIC NUISANCE

60.    Plaintiff realleges and reaffirms each and every allegation set forth in all preceding paragraphs as if fully restated herein.

61.    Defendants have manufactured, distributed, marketed and promoted their product in a manner that created or participated in creating a public nuisance that unreasonably endangers or injures the property, health, safety and comfort of the general public and Plaintiff, causing inconvenience and annoyance.

62.    Defendants, by their negligent, reckless and willful acts and omissions set forth above, have, among other things, knowingly unleashed massive, long-lasting, and still spreading, contamination of groundwater and drinking water wells, having concealed the threat from all, thereby causing PFAS contamination of groundwater and contamination and threat of contamination of Plaintiff's wells.

63.    By their conduct, Defendants violated, continue to violate, and/or threaten to violate public rights to pure drinking water as well as a clean and unpolluted natural environment, including reserves of unpolluted groundwater.

64.    By their conduct, Defendants have unreasonably interfered with the right to uncontaminated groundwater and drinking water, common to the general public.

65.    Actual and threatened PFAS contamination caused by Defendants' conduct has caused and continues to cause injury to the Plaintiff in the form of testing costs and the potential for serious interference with the use, benefit and/or enjoyment of its property in a way that an ordinary, reasonable person would find is a substantial inconvenience and annoyance.

66.    Defendants' conduct has also injured and continues to injure the property, health, safety and/or comfort of a considerable number of persons.

67.    PFAS contamination, both real and immediate, constitutes a current existing as well as prospective public nuisance.

68.     Plaintiff, as owner of water production wells and as a purveyor of drinking water, suffered injuries different in kind from the community at large precisely because it relies upon production wells for its business.

69.     Plaintiff's special injuries therefore include: additional testing costs, loss of water production capacity and loss of consumer confidence arising out of the increasingly widespread public perception - based on actual fact - that the underground aquifers have been rendered less certain, safe and reliable relative to other sources of water.

70.     Defendants knew or in the exercise of reasonable care should have known that the introduction and use of PFAS-containing AFFF would and has unreasonably and seriously endangered, injured and interfered with the ordinary comfort, use and enjoyment of vital groundwater resources relied upon by the Plaintiff.

71.     As a direct and proximate result of Defendants' acts and omissions creating the above-described nuisance, Plaintiff suffered injuries common to the public at large and additional special injuries from actual and/or threatened contamination of the Plaintiff's wells and the groundwater supplying Plaintiff's production wells.

## SECOND CAUSE OF ACTION

## PRIVATE NUISANCE

72.     Plaintiff realleges and reaffirms each and every allegation set forth in all preceding paragraphs as if fully restated herein.

73.     The groundwater system, including the zone of influence in the groundwater that supplies Plaintiff's production wells, has been contaminated by PFAS as a direct and proximate result of the intentional, unreasonable, negligent and reckless conduct of Defendants, all as alleged herein.

74.    This nuisance that Defendants have inflicted upon Plaintiff is substantial, unreasonable, and intentional or negligent.

75.    PFAS contamination caused by Defendants' conduct has damaged Plaintiff's property and business and unreasonably interfered with the use, benefit and enjoyment of Plaintiff's property.

76.    As a direct and proximate result of Defendants' acts and omissions, PFAS at all times relevant to this litigation has:

a.    posed and continues to pose a threat to groundwater and Plaintiff's production wells;

b.    contaminated and/or will contaminate Plaintiff's wells and groundwater in the vicinity of Plaintiff's property;

c.    required and/or will require testing and monitoring of the Plaintiff's wells for PFAS contamination;

d.    requires or will require remediation of PFAS groundwater contamination or, where remediation is impracticable or insufficient, installation of a system to filter out PFAS or procurement of water from alternative sources;

e.    diminished and will continue to diminish the Plaintiff's and consumers' confidence in, and the use and enjoyment of, Plaintiff's water and property;

f.    diminished and will continue to diminish Plaintiff's property value due to actual, impending, or threatened contamination; and

g.    caused and/or will cause Plaintiff to sustain substantially increased expenses, loss of the use of water and a threat to its appropriative water rights, all to Plaintiff's damage in an amount within the jurisdiction of this court.

77.    As a direct and proximate result of Defendants' acts and omissions creating the above-described nuisance, Plaintiff has suffered injuries from contamination of the groundwater supplying the Plaintiff's production wells.

78.    Defendants had actual knowledge of PFAS' propensity to contaminate groundwater and that PFAS did, in fact, contaminate groundwater where PFAS-containing products were used. Defendants intentionally promoted sales of PFAS and AFFF containing PFAS in conscious and/or reckless disregard of the known risks of injury to health and property. Defendants committed each of the above described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or deliberate disregard for the health and safety of others, the safety of groundwater and drinking water supplies, and for Plaintiff's water rights.

79.    Because Defendants acted with malice in their conscious, willful, and wanton disregard of the probable dangerous consequences of their conduct and its foreseeable impact upon Plaintiff, Plaintiff is entitled to punitive damages.

## THIRD CAUSE OF ACTION

## STRICT LIABILITY- DESIGN DEFECT AND/OR DEFECTIVE PRODUCT

80.    Defendants during the relevant time period were designers, manufacturers, refiners, formulators, sellers, marketers, and suppliers of PFAS-containing products.

81.    As manufacturers, designers, refiners, formulators, distributors, suppliers, sellers and marketers of PFAS-containing products, including AFFF containing PFAS, Defendants owed a duty to all persons whom Defendants' petroleum products might foreseeably harm, including Plaintiff, not to market any product which is unreasonably dangerous for its intended and foreseeable uses.

82.    When Defendants PFAS-containing products into the stream of commerce, it was defective, unreasonably dangerous, and not reasonably suited for its intended, foreseeable and ordinary transportation, storage, handling, and uses for the following reasons:

    a.    when used as intended, AFFF is sprayed directly into the environment;

b.      when AFFF containing PFAS is released into the environment, PFAS has a tendency to mix with groundwater and migrate great distances;

c.      PFAS is highly soluble in water;

f.      PFAS is a known carcinogen and is unhealthy to ingest.

83.     Defendants, with knowledge of the risks, failed to use reasonable care in the design of AFFF containing PFAS.

84.     AFFF containing PFAS poses greater dangers to groundwater than would be expected by ordinary persons such as the Plaintiff, downstream handlers, users, and the general public exercising reasonable care.

85.     The risks which PFAS-containing AFFF poses to groundwater outweigh PFAS' utility extinguishing fires.

86.     Safer alternatives to PFAS exist and have been available to Defendants at all times relevant to this litigation.

87.     The above-described defects exceeded the knowledge of the ordinary person, and by the exercise of reasonable care Plaintiff would not be able to avoid the harm caused by AFFF containing PFAS.

88.     AFFF containing PFAS was distributed and sold in the manner intended or reasonably foreseen by the Defendants, or as should have been reasonably foreseen by Defendants.

89.     AFFF containing PFAS reached the consumer and the environment in a condition substantially unchanged from that in which it left Defendants' control.

90.     AFFF containing PFAS failed to perform as safely as an ordinary consumer would expect when used in its intended and reasonably foreseeable manner.

91.    As a direct and proximate result of the unreasonably dangerous and/or defective condition of AFFF containing PFAS and its introduction into the stream of commerce by Defendants, PFAS at all times relevant to this litigation has:

      a.    posed and continues to pose a threat to groundwater and to Plaintiff's production wells;

      b.    required and/or will require additional testing and monitoring of Plaintiff's production wells for PFAS contamination;

      c.    contaminated and/or will contaminate Plaintiff's production wells or groundwater in the vicinity of Plaintiff's property;

      d.    will require remediation of PFAS groundwater contamination or, where remediation is impracticable or insufficient, installation of a system to filter out PFAS or procurement of water from alternative sources; and

      e.    diminished consumer confidence in Plaintiff's water; and

      f.    caused and/or will cause Plaintiff to sustain substantially increased expenses, loss of the use of water and a threat to its appropriative water rights, all to Plaintiff's damages in an amount within the jurisdiction of this court.

92.    Defendants had actual knowledge of PFAS' propensity to contaminate groundwater and that PFAS did, in fact, contaminate groundwater where PFAS-containing products were used. Defendants intentionally promoted sales of PFAS-containing products in conscious and/or reckless disregard of the known risks of injury to health and property. Defendants committed each of the above described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or deliberate disregard for the health and safety of others, the safety of groundwater and drinking water supplies, and for Plaintiff's water rights.

93.    Because Defendants acted with malice in their conscious, willful, and wanton disregard of the probable dangerous consequences of their conduct and its foreseeable impact upon Plaintiff, Plaintiff is entitled to punitive damages.

## FOURTH CAUSE OF ACTION

## STRICT LIABILITY- FAILURE TO WARN

94. Plaintiff realleges and reaffirms each and every allegation set forth in all preceding paragraphs as if fully restated herein.

95. As manufacturers, distributors, suppliers, sellers and marketers of products containing PFAS, Defendants had a duty to issue warnings to Plaintiff, the public, public officials, downstream handlers, and users of the risk posed by PFAS.

96. Defendants knew that PFAS-containing products would be purchased, transported, stored, handled, and used without notice of the hazards which PFAS poses to groundwater and wells.

97. At all times relevant to this litigation, Defendants have had actual and/or constructive knowledge of the following facts which rendered PFAS-containing AFFF hazardous to groundwater and production wells:

    a.    when used as intended, AFFF is sprayed directly into the environment;

    b.    when AFFF containing PFAS is released into the environment, PFAS has a tendency to mix with groundwater and migrate great distances;

    c.    PFAS is highly soluble in water;

    d.    PFAS is a known carcinogen and is unhealthy to ingest.

    e.    the foregoing facts relating to the hazards which PFAS poses to groundwater are not the sort of facts which Plaintiff and the general public could ordinarily discover or protect themselves against in the absence of sufficient warnings.

98. Defendants breached their duty to warn by unreasonably failing to provide warnings concerning any of the facts alleged herein to Plaintiff, public officials, downstream handlers, users, and/or the general public.

-25-

99.     Defendants' failure to warn as alleged herein proximately caused reasonably foreseeable injuries to Plaintiff.  Plaintiff and others would have heeded legally adequate warnings and PFAS-containing products would have been treated differently in terms of procedures for use, handling, storage, emergency response and/or environmental clean-up.

100.     As a direct and proximate result of Defendants' above-described failure to give warnings, PFAS has at all times relevant to this litigation:

     a.     posed and continues to pose a threat to groundwater and Plaintiff's production wells;

     b.     required and/or will require additional testing and monitoring of the groundwater and production wells for PFAS;

     c.     contaminated, continues to contaminate, and/or will contaminate production wells or groundwater in the vicinity of Plaintiff's wells;

     d.     required the need for remediation of PFAS groundwater contamination or, where remediation is impracticable, installation of a system to filter out PFAS or procurement of water from alternative sources; and

     e.     diminished consumer confidence in Plaintiff's water; and

     f.     caused and/or will cause Plaintiff to sustain substantially increased expenses, loss of the use of water and a threat to its appropriative water rights, all to Plaintiff's damage in an amount within the jurisdiction of this court.

101.     Defendants had actual knowledge of PFAS' propensity to contaminate groundwater and that PFAS did, in fact, contaminate groundwater where PFAS-containing products were used. Defendants intentionally promoted sales of PFAS and PFAS-containing products in conscious and/or reckless disregard of the known risks of injury to health and property.  Defendants committed each of the above described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or deliberate disregard for the health and safety of others, the safety of groundwater and drinking water supplies, and for Plaintiff's water rights.

102.    Because Defendants acted with malice in their conscious, willful, and wanton disregard of the probable dangerous consequences of their conduct and its foreseeable impact upon the Plaintiff, Plaintiff is entitled to punitive damages.

## FIFTH CAUSE OF ACTION

### TRESPASS

103.    Plaintiff realleges and reaffirms each and every allegation set forth in all preceding paragraphs as if fully restated herein.

104.    Plaintiff is the owner and/or actual possessor of property, easements, wells, right to appropriate and use groundwater, and water rights.  Defendants, their agents and employees, knew, or in the exercise of reasonable care should have known, that PFAS is extremely hazardous to groundwater and public water systems, including the property and other rights of the Plaintiff.

105.    Defendants intentionally, recklessly, and negligently caused PFAS to enter into the groundwaters, aquifers, and drinking water production wells operated by Plaintiff.

106.    As a direct and proximate result of Defendants' trespass, PFAS at all times relevant to this litigation has:

    a.    posed and continues to pose a threat to groundwater and Plaintiff's production wells;

    b.    contaminated and/or will contaminate Plaintiff's wells and groundwater in the vicinity of Plaintiff's property;

    c.    required and/or will require testing and monitoring of the Plaintiff's wells for PFAS contamination;

    d.    requires or will require remediation of PFAS groundwater contamination or, where remediation is impracticable or insufficient, installation of a system to filter out PFAS or procurement of water from alternative sources;

    e.    diminished and will continue to diminish the Plaintiff's and consumers' confidence in, and the use and enjoyment of, Plaintiff's water and property;

-27-

     f.     diminished and will continue to diminish Plaintiff's property value due to actual, impending, or threatened contamination; and

     g.     caused and/or will cause Plaintiff to sustain substantially increased expenses, loss of the use of water and a threat to its appropriative water rights, all to Plaintiff's damage in an amount within the jurisdiction of this court.

107.    As a direct and proximate result of the trespass, Plaintiff has been damaged and is entitled to injunctive relief to abate the trespass and other damages alleged herein, including but not limited to, diminution in property value, loss of use and enjoyment, cost of bringing the property to its original condition, investigation, remediation, and treatment, and/or to such other appropriate relief Plaintiff may elect at trial.

108.    Defendants had actual knowledge of PFAS' propensity to contaminate groundwater and that PFAS did, in fact, contaminate groundwater where PFAS-containing products were used. Defendants intentionally promoted the sale of PFAS and products containing PFAS in conscious and/or reckless disregard of the known risks of injury to health and property. Defendants committed each of the above described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or deliberate disregard for the health and safety of others, the safety of groundwater and drinking water supplies, and for the Plaintiff's water rights.

109.    Because Defendants acted with malice in their conscious, willful, and wanton disregard of the probable dangerous consequences of their conduct and its foreseeable impact upon Plaintiff, Plaintiff is entitled to punitive damages.

## SIXTH CAUSE OF ACTION

## CIVIL CONSPIRACY

152.    Plaintiff realleges and reaffirms all allegations set forth in the preceding paragraphs.

153.    At all times relevant to this lawsuit, Defendants actually knew of the hazards that PFOA and PFOS posed to the environment, including Plaintiff's Property.

154.    Beginning in the 1960s and continuing through the date of the filing of this Complaint, Defendants agreed to engage in unlawful and wrongful acts that caused damage to Plaintiff.  Each Defendant performed at least one overt act in furtherance of this conspiracy. Specifically, Defendants colluded for the avowed purpose of providing information about AFFF products containing PFOA and/or PFOS to the public and the government, with the true, unlawful purpose of:

a.    intentionally misrepresenting to the EPA and the public that AFFF containing PFOA and/or PFOS was safe and did not pose a risk to human health and the environment;

b.    concealing the dangers of AFFF containing PFOA and/or PFOS, including the products' characteristics and their propensity to contaminate soil and groundwater, from the government and public by, among other means, repeatedly misrepresenting how products containing PFOA and/or PFOS were being disposed of;

c.    concealing the dangers of PFOA and/or PFOS from consumers and the public; and

d.    using their considerable resources to fight legislation concerning PFOA and PFOS.

155.    As a direct and proximate result of Defendants' conspiracy, Defendants' AFFF products at all times relevant to this litigation have:

a.    posed and continue to pose a threat to Plaintiff's Property;

b.    contaminated and will continue to contaminate Plaintiff's Property;

c.    contaminated and will continue to contaminate the soil, surface and groundwater on and within the vicinity of Plaintiff's Property;

d.    required and will continue to require testing and monitoring of Plaintiff's Property for PFOA and PFOS contamination;

-29-

e.   required or will require remediation of PFOA and PFOS contamination or, where remediation is impracticable or insufficient for Plaintiff, removal and disposal of the contamination;

f.   diminished Plaintiff's confidence in, and the use and enjoyment of, Plaintiff's Property;

g.   diminished Plaintiff's Property value due to actual, impending, and/or threatened PFOA and PFOS contamination; and

h.   caused and/or will cause Plaintiff to sustain substantially increased damages and expenses resulting from the loss of the safety, use, benefit and/or enjoyment of its property.

## SEVENTH CAUSE OF ACTION

## FRAUDULENT TRANSFER (DUPONT AND CHEMOURS)

156.   Plaintiff realleges and reaffirms all allegations set forth in the preceding paragraphs.

157.   Plaintiff seeks equitable and other relief pursuant to the Pennsylvania Uniform Fraudulent Transfer Act against DuPont.

158.   Upon information and belief, in February 2014, DuPont formed The Chemours Company as a wholly-owned subsidiary, and used it to spin off DuPont's "Performance Chemicals" business line in July 2015.

159.   Upon information and belief, at the time of the spinoff, DuPont's Performance Chemicals division contained the AFFF and/or PFAS business segments.  In addition to the transfer of the Performance Chemicals division, Chemours accepted broad assumption of liabilities for DuPont's historical use, manufacture, and discharge of PFAS.

160.   Upon information and belief, at the time of the transfer of its Performance Chemicals business to Chemours, DuPont had been sued, threatened with suit and/or had knowledge of the likelihood of litigation to be filed regarding DuPont's liability for damages and

injuries from the manufacture and sale of PFAS compounds and products that contain PFAS compounds.

161.    Upon information and belief, as a result of the transfer of assets and liabilities described in this Complaint, DuPont limited the availability of assets to cover judgements for all of the liability for damages and injuries from the manufacture and sale of PFAS compounds and products that contain PFAS compounds.

162.    Upon information and belief, DuPont has (a) acted with intent to hinder, delay and defraud parties, or (b) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and (i) was engaged or was about to engage in a business for which the remaining assets of Chemours were unreasonably small in relation to the business; or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

163.    Upon information and belief, DuPont engaged in acts in furtherance of a scheme to transfer its assets out of the reach of parties, such as the Plaintiff, that have been damaged as a result of DuPont's actions as described in this Complaint.

164.    Upon information and belief, DuPont and Chemours acted without receiving a reasonably equivalent value in exchange for the transfer of obligations, and DuPont believed, or reasonably should have believed, that it would incur debts beyond Chemours' ability to pay as they became due.

165.    Plaintiff seeks to avoid the transfer of DuPont's liabilities for the claims brought in this Complaint and to hold DuPont jointly and severally liable for any damages or other remedies that may be awarded by this Court or a jury under this Complaint.

166.    Plaintiff further reserves such other rights and remedies that may be available to it as may be necessary to fully compensate Plaintiff for the damages and injuries it has suffered as alleged in this Complaint.

### EIGHTH CAUSE OF ACTION

### NEGLIGENCE

167.    Plaintiff realleges and reaffirms each and every allegation set forth in all preceding paragraphs as if fully restated herein.

168.    As manufacturers, refiners, formulators, distributors, suppliers, sellers, marketers, shippers and handlers of PFAS-containing products, including AFFF, Defendants owed a duty to Plaintiff as well as to all persons whom Defendants PFAS-containing products might foreseeably harm to exercise due care in the handling, control, disposal, sale, testing, labeling, use, warning, and instructing for use of PFAS-containing products.

169.    Defendants had a duty and the financial and technical means to test its PFAS-containing products, and to warn public officials, downstream handlers, users, and the general public of any hazardous characteristics of PFAS known to them, their agents and employees.

170.    Defendants had a duty not to contaminate the environment.

171.    At all times relevant to this litigation, Defendants knew or should have known that:

a.      When used as intended, AFFF is sprayed directly into the environment.

b.      when PFAS is released into the environment, it has a tendency to mix with groundwater and migrate great distances;

c.      PFAS is highly soluble in water;

d.      when PFAS is released into the environment, it persists over long periods of time;

e.      PFAS is a known carcinogen;

-32-

f.    PFAS creates a need for more regular testing and monitoring of wells for early detection; and

g.    the foregoing facts relating to the hazards which PFAS poses to groundwater are not the sort of facts which Plaintiff, downstream handlers, users, and the general public could ordinarily discover or protect themselves against in the absence of sufficient warnings.

172.    Defendants have negligently breached their duties of due care to Plaintiff, downstream handlers, users, and the general public by, among other things:

a.    failing to adequately test, identify and remediate wells that are contaminated with PFAS;

b.    marketing, touting, and otherwise promoting the benefits of PFAS-containing products without disclosing the truth about the environment and potential health hazards posed by PFAS;

c.    failing to eliminate or minimize the harmful impacts and risks posed by PFAS;

d.    failing to curtail or reduce the distribution of PFAS-containing products;

e.    failing to instruct downstream handlers, users, and the general public about the safe handling and use of products containing PFAS;

f.     negligently releasing PFAS into the environment;

g.    failing to warn and instruct downstream handlers, users, and the general public about the risks to groundwater posed by PFAS-containing products.

173.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of Defendants, PFAS at all times relevant to this litigation has:

a.    posed and continues to pose a threat to groundwater and Plaintiff's production wells;

b.    required and/or will require additional testing and monitoring of groundwater and Plaintiff's production wells for PFAS contamination;

c.    contaminated the groundwater system and zone of influence of the area that supplies Plaintiff's production wells;

     d.     required and will require remediation of PFAS contamination of groundwater or, when remediation is impracticable or insufficient, installation of a system to filter out PFAS or procurement of alternative water sources; and

     e.     diminished consumer confidence in the Plaintiff's water; and

     f.     caused and/or will cause Plaintiff to sustain substantially increased expenses, loss of the use of water and a threat to its appropriative water rights, all to Plaintiff's damage in an amount within the jurisdiction of this court.

174.     Defendants had actual knowledge of PFAS' propensity to contaminate groundwater and the fact that PFAS contaminates groundwater where PFAS-containing products are used. Defendants intentionally promoted the sale of PFAS and products containing PFAS in conscious and/or reckless disregard of the known risks of injury to health and property. Defendants committed each of the above described acts and omissions knowingly, willfully, and/or with fraud, oppression, or malice, and with conscious and/or deliberate disregard for the health and safety of others, the safety of groundwater and drinking water supplies, and for the Plaintiff's water rights.

175.     Because Defendants acted with malice in their conscious, willful, and wanton disregard of the probable dangerous consequences of their conduct and its foreseeable impact upon the Plaintiff, Plaintiff is entitled to punitive damages.

## PUNITIVE DAMAGES

176.     Under the applicable laws of the State of Pennsylvania, Plaintiff seeks punitive damages due to the wanton and willful acts and/or omissions of Defendants as set forth and alleged throughout this Complaint.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. Compensatory damages according to proof including, but not limited to:

   a. costs and expenses related to the past, present, and future investigation, sampling, testing, and assessment of the extent of PFAS contamination on and within Plaintiff's Property;

   b. costs and expenses related to the past, present, and future treatment and remediation of PFAS contamination of Plaintiff's Property or, in the alternative, the costs and expenses associated with and related to the removal and disposal of the contamination; and

   c. costs and expenses related to the past, present, and future installation and maintenance of monitoring mechanisms to assess and evaluate PFAS on and within Plaintiff's Property.

2. Punitive damages;

3. Consequential damages;

4. Costs, disbursements and attorneys' fees of this lawsuit;

5. Pre-judgment and post-judgment interest; and

6. Any other and further relief as the Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Respectfully submitted,

/s/ Vincent A. Tucceri
Vincent A. Tucceri, Esquire
Nathaniel J. Boring, Esquire
GAITENS, TUCCERI & NICHOLAS, P.C.

/s/ Scott Summy
Scott Summy, Esquire
BARON & BUDD, P.C.

-35-

## VERIFICATION

I, Raymond McCutcheon, Manager, on behalf of the Coraopolis Water and Sewer Authority, do hereby declare that the statements of fact set forth in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge and belief and are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.


4-23-2020
_____
DATE

_____
Raymond McCutcheon, Manager, on behalf of the Coraopolis Water and Sewer Authority

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Plaintiff

Signature:  /s/ Vincent A. Tucceri

Name:  Vincent A. Tucceri, Esquire

Attorney No. (if applicable):  27643

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) | CIVIL DIVISION<br>G.D. No.: 20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER OF COURT** |
| vs. | ) | |
| | ) | |
| 3M COMPANY, et al., | ) | Filed on Behalf of: |
| | ) | Coraopolis Water and Sewer Authority, |
| Defendants. | ) | Plaintiff |

**<u>ORDER OF COURT</u>**

AND NOW, to-wit, this *13* day of *May*, 2020, upon Motion of Vincent A. Tucceri, Esquire, the Court finds that the standards set forth in Pa. B.R.C.P 1012.1 have been met, and the following individuals are hereby admitted Pro Hac Vice in the above-captioned case: Scott Summy, Esquire; Cary McDougal, Esquire; Carla Burke Pickrel, Esquire; Cristina Sanchez, Esquire; and Zack Sandman, Esquire.

BY THE COURT,

_____ /J.

FILED

20 MAY 13 AM 1:56

DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MOTION FOR ADMISSION** |
| vs. | ) | **PRO HAC VICE** |
| | ) | |
| 3M COMPANY, E. I. DUPONT DE | ) | |
| NEMOURS AND COMPANY, THE | ) | CODE:  004 PRODUCTS LIABILITY |
| CHEMOURS COMPANY LLC, | ) | |
| DOWDUPONT, INC., DUPONT | ) | Filed on Behalf of: |
| CHEMICAL SOLUTIONS ENTERPRISE, | ) | Coraopolis Water and Sewer Authority, |
| THE CHEMOURS COMPANY FC, LLC, | ) | Plaintiff |
| CHEMGUARD, INC., TYCO FIRE | ) | |
| PRODUCTS LP, THE ANSUL | ) | Co-Counsel of Record for this Party: |
| COMPANY, JOHNSON CONTROLS | ) | |
| INTERNATIONAL, PLC, KIDDE- | ) | Vincent A. Tucceri, Esquire |
| FENWAL, INC., KIDDE PLC, INC., | ) | Pa. I.D. #27643 |
| KIDDE FIRE FIGHTING, INC., UTC | ) | vtucceri@gtnlaw.com |
| FIRE & SECURITY AMERICAS | ) | |
| CORPORATION, INC., NATIONAL | ) | Nathaniel J. Boring, Esquire |
| FOAM, INC., ANGUS | ) | Pa. I.D. #321032 |
| INTERNATIONAL SAFETY GROUP, | ) | nboring@gtnlaw.com |
| LTD., ANGUS FIRE ARMOUR | ) | |
| CORPORATION, BUCKEYE FIRE | ) | Gaitens, Tucceri & Nicholas, P.C. |
| EQUIPMENT COMPANY, DYNEON | ) | Firm #562 |
| LLC, ARKEMA, INC., ARKEMA | ) | 519 Court Place |
| FRANCE, S.A., SOLVAY SPECIALTY | ) | Pittsburgh, PA  15219 |
| POLYMERS, USA, LLC, UNITED | ) | 412-391-6920 |
| TECHNOLOGIES CORPORATION, | ) | |
| CHUBB FIRE, LTD., ARCHROMA | ) | *(Pro Hac Vice Pending)* |
| MANAGEMENT, LLC. AGC, INC., | ) | Scott Summy, Esquire |
| DAIKIN INDUSTRIES, LTD., DAIKIN | ) | Cary McDougal, Esquire |
| AMERICA, INC., DYNAX | ) | Carla Burke Pickrel, Esquire |
| CORPORATION, JOHNSON | ) | Cristina Sanchez, Esquire |
| CONTROLS FIRE PROTECTION, | ) | Zack Sandman, Esquire |
| NATION FORD CHEMICAL | ) | Baron & Budd, P.C. |
| CORPORATION, NARCHEM | ) | 3102 Oak Lawn Avenue |
| CORPORATION, BASF | ) | Suite 1100 |
| CORPORATION, CHEMICALS, INC., | ) | Dallas, TX 75219 |
| CHEMDESIGN PRODUCTS, INC., | ) | 214-521-3605 |
| CLARIANT CORPORATION, | ) | |
| CORTEVA, INC., DEEPWATER | ) | |

CHEMICALS, INC., ELÉ              )
CORPORATION, and JOHN DOE         )
DEFENDANTS 1-49,                  )
                                  )
                  Defendants.     )

**JURY TRIAL DEMANDED**

The undersigned certifies to this Honorable Court that all parties to this Litigation consent, or do not oppose this Motion.

_/s/ Vincent A. Tucceri_

Date Motion Served:  <u>May 13, 2020</u>

**IN THE COURT OF COMMON PLEAS**
**OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF PRESENTATION** |
| vs. | ) | **MOTION FOR ADMISSION** |
| | ) | **PRO HAC VICE** |
| 3M COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | Filed on Behalf of: |
| | ) | Coraopolis Water and Sewer Authority, |
| | ) | Plaintiff |

<u>**NOTICE OF PRESENTATION**</u>

**TO:    All Defendants**

PLEASE TAKE NOTICE that the within Motion for Admission Pro Hac Vice shall be presented before the Civil Motion's Court, City-County Building, Pittsburgh, Pennsylvania 15219 at a time convenient for the Court.

Dated: <u>May 13, 2020</u>          /s/ *Vincent A. Tucceri*

Vincent A. Tucceri, Esquire

**IN THE COURT OF COMMON PLEAS**
**OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) ) | CIVIL DIVISION<br>G.D. No.:  20-005577 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MOTION FOR ADMISSION**<br>**PRO HAC VICE** |
| 3M COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) ) | Filed on Behalf of:<br>Coraopolis Water and Sewer Authority,<br>Plaintiff |

**MOTION FOR ADMISSION PRO HOC VICE IN THE MATTER OF**
**CORAOPOLIS WATER AND SEWER AUTHORITY VS. 3M COMPANY, ET AL.**

AND NOW, comes the Plaintiff, Coraopolis Water and Sewer Authority ("Coraopolis" or "Plaintiff"), by and through its undersigned counsel, presents the within Motion for Admission Pro Hac Vice:

1.     The information requested by Section 81.504 of the IOLTA Regulations has been provided to the IOLTA Board and that the fee required under the IOLTA Regulations has been paid.

2.     The Certificates of Good Standing for each of the attorneys seeking admission for this case only, are attached hereto.

3.     A certification of each lawyer is attached, confirming that they have never been suspended, disbarred or otherwise disciplined; nor are subject to any disciplinary proceedings in any of the jurisdictions which he or she has been licensed; and that each candidate has identified the jurisdiction he or she is or has been licensed, and the corresponding bar license numbers for which they are licensed.

4.      None of the subject attorneys have previously applied for admission in the Commonwealth of Pennsylvania.

5.      Each attorney represents that he/she shall be bound by the applicable statutes, case law and procedural rules of the Commonwealth of Pennsylvania, including the Pennsylvania Rules of Professional Conduct.

6.      Each of the candidate attorneys confirms that he/she shall submit to the jurisdiction of the Pennsylvania courts and the Pennsylvania Disciplinary Board with respect to acts and omissions occurring during the appearance in the within matter.

7.      The candidates agree that he/she consents to the appointment of Vincent A. Tucceri of Gaitens, Tucceri & Nicholas, P.C., as the agent upon whom service of process shall be made for all actions, including disciplinary actions, that may arise out of the practice of law in the within captioned matter.

8.      Vincent A. Tucceri shall enter his appearance on behalf of the Coraopolis Water and Sewer Authority in the above-captioned matter.

9.      A verified statement of sponsor Vincent A. Tucceri stating the candidates are reputable and competent, setting forth the current case as his sponsorship, and stating that proceeds from settlement shall be accounted for in accordance with Rule 1.15, is attached hereto.

Respectfully submitted,

/s/ Vincent A. Tucceri

Vincent A. Tucceri, Esquire

**STATEMENT OF SPONSOR**

I, VINCENT A. TUCCERI, ESQUIRE, sponsor of Scott Summy, Esquire, Cary McDougal, Esquire, Carla Burke Pickrel, Esquire, Maria Cristina Sanchez, Esquire, and Zack Sandman, Esquire, do hereby verify, after reasonable investigation, that I do reasonably believe the candidates to be reputable and competent attorneys and that I am in a position to recommend each candidate's admission; do hereby verify that this is the only case in which I am acting as a sponsor; and do hereby agree that the proceeds from the settlement of the within case shall be received, held, distributed and accounted for in accordance with Rule 1.15 of the Pennsylvania Rules of Professional Conduct, including the IOLTA provisions thereof, if applicable.

Dated: May 13, 2020                    /s/ Vincent A. Tucceri
                                        Vincent A. Tucceri, Esquire

## CERTIFICATION OF PAUL SUMMY

I, PAUL SUMMY, ESQUIRE, do hereby verify that I am licensed to practice law in the State of Texas at State Bar Number 19507500; have never been suspended, disbarred, or otherwise disciplined; and am not subject to any disciplinary proceedings. I have no pending actions in Pennsylvania for which I applied for admission pro hac vice. I further verify that I shall comply with and be bound by the applicable statutes, case law and procedural rules of the Commonwealth of Pennsylvania, including the Pennsylvania Rules of Professional Conduct. I further verify that I shall submit to the jurisdiction of the Pennsylvania courts and the Pennsylvania Disciplinary Board with respect to acts and omissions occurring during the appearance in the matter for which admission pro hac vice is being sought. I hereby consent to the appointment of the sponsor, Vincent A. Tucceri, Esquire, as the agent upon whom service of process shall be made for all actions, including disciplinary actions, that may arise out of the practice of law in the matter for which admission pro hac vice is sought. Attached is a copy of my Certificate of Good Standing.

Dated: May 13, 2020

Paul Summy, Esquire

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

April 22, 2020

Re: Mr. Paul Scott Summy, State Bar Number 19507500

To Whom It May Concern:

This is to certify that Mr. Paul Scott Summy was licensed to practice law in Texas on November 02, 1990, and is an active member in good standing with the State Bar of Texas. "Good standing" means that the attorney is current on payment of Bar dues; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension from the practice of law.

This certification expires 30 days from the date, unless sooner revoked or rendered invalid by operation of rule or law.

Sincerely,

Seana Willing
Chief Disciplinary Counsel
SW/web



## CERTIFICATION OF CARY McDOUGAL

I, CARY McDOUGAL, ESQUIRE, do hereby verify that I am licensed to practice law in the State of Texas at State Bar Number 13569600; have never been suspended, disbarred, or otherwise disciplined; and am not subject to any disciplinary proceedings. I have no pending actions in Pennsylvania for which I applied for admission pro hac vice. I further verify that I shall comply with and be bound by the applicable statutes, case law and procedural rules of the Commonwealth of Pennsylvania, including the Pennsylvania Rules of Professional Conduct. I further verify that I shall submit to the jurisdiction of the Pennsylvania courts and the Pennsylvania Disciplinary Board with respect to acts and omissions occurring during the appearance in the matter for which admission pro hac vice is being sought. I hereby consent to the appointment of the sponsor, Vincent A. Tucceri, Esquire, as the agent upon whom service of process shall be made for all actions, including disciplinary actions, that may arise out of the practice of law in the matter for which admission pro hac vice is sought. Attached is a copy of my Certificate of Good Standing.

Dated: May 13, 2020 _____

_____
Cary McDougal, Esquire

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

April 22, 2020

Re: Mr. Cary L. McDougal, State Bar Number 13569600

To Whom It May Concern:

This is to certify that Mr. Cary L. McDougal was licensed to practice law in Texas on May 05, 1989, and is an active member in good standing with the State Bar of Texas. "Good standing" means that the attorney is current on payment of Bar dues; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension from the practice of law.

This certification expires 30 days from the date, unless sooner revoked or rendered invalid by operation of rule or law.

Sincerely,

Seana Willing
Chief Disciplinary Counsel
SW/web



## <u>CERTIFICATION OF CARLA BURKE PICKREL</u>

I, CARLA BURKE PICKREL, ESQUIRE, do hereby verify that I am licensed to practice law in the State of Texas at State Bar Number 24012490; have never been suspended, disbarred, or otherwise disciplined; and am not subject to any disciplinary proceedings. I have no pending actions in Pennsylvania for which I applied for admission pro hac vice. I further verify that I shall comply with and be bound by the applicable statutes, case law and procedural rules of the Commonwealth of Pennsylvania, including the Pennsylvania Rules of Professional Conduct. I further verify that I shall submit to the jurisdiction of the Pennsylvania courts and the Pennsylvania Disciplinary Board with respect to acts and omissions occurring during the appearance in the matter for which admission pro hac vice is being sought. I hereby consent to the appointment of the sponsor, Vincent A. Tucceri, Esquire, as the agent upon whom service of process shall be made for all actions, including disciplinary actions, that may arise out of the practice of law in the matter for which admission pro hac vice is sought. Attached is a copy of my Certificate of Good Standing.

Dated: <u>May 13, 2020</u>

_____
Carla Burke Pickrel, Esquire

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

April 22, 2020

Re: Ms. Carla Michelle Burke Pickrel, State Bar Number 24012490

To Whom It May Concern:

This is to certify that Ms. Carla Michelle Burke Pickrel was licensed to practice law in Texas on November 03, 1999, and is an active member in good standing with the State Bar of Texas. "Good standing" means that the attorney is current on payment of Bar dues; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension from the practice of law.

This certification expires 30 days from the date, unless sooner revoked or rendered invalid by operation of rule or law.

Sincerely,

Seana Willing
Chief Disciplinary Counsel
SW/web



P.O. BOX 12487, CAPITOL STATION, AUSTIN, TEXAS 78711-2487, 512.427.1350; FAX: 512.427.4167

## CERTIFICATION OF MARIA CRISTINA SANCHEZ

I, MARIA CRISTINA SANCHEZ, ESQUIRE, do hereby verify that I am licensed to practice law in the State of Texas at State Bar Number 24041856; have never been suspended, disbarred, or otherwise disciplined; and am not subject to any disciplinary proceedings. I have no pending actions in Pennsylvania for which I applied for admission pro hac vice. I further verify that I shall comply with and be bound by the applicable statutes, case law and procedural rules of the Commonwealth of Pennsylvania, including the Pennsylvania Rules of Professional Conduct. I further verify that I shall submit to the jurisdiction of the Pennsylvania courts and the Pennsylvania Disciplinary Board with respect to acts and omissions occurring during the appearance in the matter for which admission pro hac vice is being sought. I hereby consent to the appointment of the sponsor, Vincent A. Tucceri, Esquire, as the agent upon whom service of process shall be made for all actions, including disciplinary actions, that may arise out of the practice of law in the matter for which admission pro hac vice is sought. Attached is a copy of my Certificate of Good Standing.

Dated: May 13, 2020

Maria Cristina Sanchez, Esquire

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

April 23, 2020

Re: Ms. Maria Cristina Sanchez, State Bar Number 24041856

To Whom It May Concern:

This is to certify that Ms. Maria Cristina Sanchez was licensed to practice law in Texas on November 06, 2003, and is an active member in good standing with the State Bar of Texas. "Good standing" means that the attorney is current on payment of Bar dues; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension from the practice of law.

This certification expires 30 days from the date, unless sooner revoked or rendered invalid by operation of rule or law.

Sincerely,

Seana Willing
Chief Disciplinary Counsel
SW/web



P.O. BOX 12487, CAPITOL STATION, AUSTIN, TEXAS 78711-2487, 512.427.1350; FAX: 512.427.4167

## CERTIFICATION OF ZACK SANDMAN

I, ZACK SANDMAN, ESQUIRE, do hereby verify that I am licensed to practice law in the State of New York at State Bar Number 5418926; have never been suspended, disbarred, or otherwise disciplined; and am not subject to any disciplinary proceedings. I have no pending actions in Pennsylvania for which I applied for admission pro hac vice. I further verify that I shall comply with and be bound by the applicable statutes, case law and procedural rules of the Commonwealth of Pennsylvania, including the Pennsylvania Rules of Professional Conduct. I further verify that I shall submit to the jurisdiction of the Pennsylvania courts and the Pennsylvania Disciplinary Board with respect to acts and omissions occurring during the appearance in the matter for which admission pro hac vice is being sought. I hereby consent to the appointment of the sponsor, Vincent A. Tucceri, Esquire, as the agent upon whom service of process shall be made for all actions, including disciplinary actions, that may arise out of the practice of law in the matter for which admission pro hac vice is sought. Attached is a copy of my Certificate of Good Standing.

Dated: May 13, 2020

Zack Sandman, Esquire



## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

*I, Robert D. Mayberger,* Clerk of the Appellate Division of the Supreme Court of the State of New York, Third Judicial Department, do hereby certify that

## Zachary David Sandman

having taken and subscribed the Constitutional Oath of Office as prescribed by law, was duly licensed and admitted to practice by this Court as an Attorney and Counselor at Law in all courts of the State of New York on the **24th day of March, 2016**, is currently in good standing and is registered with the Administrative Office of the Courts as required by section four hundred sixty-eight-a of the Judiciary Law.

In Witness Whereof, I have hereunto set my hand and affixed the Seal of said Court, at the City of Albany, this **4th day of May, 2020.**



*Clerk*

## **<u>VERIFICATION</u>**

I, Vincent A. Tucceri, Esquire, do hereby declare that the statements of fact set forth in the foregoing Motion for Admission Pro Hac Vice are true and correct to the best of my knowledge and belief and are made subject to the penalties of 18 Pa. C.S.  §4904, relating to unsworn falsification to authorities.

Dated:  <u>May 13, 2020</u>          /s/ Vincent A. Tucceri

Vincent A. Tucceri, Esquire

## **VERIFICATION**

I, Scott Summy, Esquire, do hereby declare that the statements of fact set forth in the foregoing Motion for Admission Pro Hac Vice are true and correct to the best of my knowledge and belief and are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.


Dated:  May 13, 2020                                    _Scott Summy_____

                                                    Scott Summy, Esquire

## VERIFICATION

I, Cary McDougal, Esquire, do hereby declare that the statements of fact set forth in the foregoing Motion for Admission Pro Hac Vice are true and correct to the best of my knowledge and belief and are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Dated: May 13, 2020

_____
Cary McDougal, Esquire

## **VERIFICATION**

I, Carla Burke Pickrel, Esquire, do hereby declare that the statements of fact set forth in the foregoing Motion for Admission Pro Hac Vice are true and correct to the best of my knowledge and belief and are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Dated: <u>May 13, 2020</u>

_____

Carla Burke Pickrel, Esquire

## **VERIFICATION**

I, Maria Cristina Sanchez, Esquire, do hereby declare that the statements of fact set forth in the foregoing Motion for Admission Pro Hac Vice are true and correct to the best of my knowledge and belief and are made subject to the penalties of 18 Pa. C.S.  §4904, relating to unsworn falsification to authorities.

Dated: <u>May 13, 2020</u>    _____
                           Maria Cristina Sanchez, Esquire

## **VERIFICATION**

I, Zack Sandman, Esquire, do hereby declare that the statements of fact set forth in the foregoing Motion for Admission Pro Hac Vice are true and correct to the best of my knowledge and belief and are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Dated: <u>May 13, 2020</u>

_____
Zack Sandman, Esquire

**<u>CERTIFICATE OF COMPLIANCE</u>**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Plaintiff                 </u>

Signature: <u>/s/ Vincent A. Tucceri     </u>

Name: <u>Vincent A. Tucceri, Esquire     </u>

Attorney No. (if applicable): <u>27643      </u>

## CERTIFICATE OF SERVICE

I, Vincent A. Tucceri, Esquire, certify that I did serve a true and correct copy of the within Motion for Admission Pro Hac Vice by U.S. First Class Mail, postage pre-paid, on this 13th day of May, 2020, upon the following:

| | | |
|---|---|---|
| 3M Company<br>3M Center<br>St. Paul, MN  55144 | E. I. DuPont De Nemours & Company<br>974 Centre Road<br>Wilmington, DE  19805 | The Chemours Company LLC<br>1007 Market Street<br>Wilmington, DE  19899 |
| DowDuPont, Inc.<br>974 Centre Road<br>Wilmington, DE  19805 | DowDuPont, Inc.<br>2211 H.H. Dow Way<br>Midland, MI  48674 | DuPont Chemical Solutions Enterprise<br>1007 Market Street<br>Wilmington, DE  19899 |
| The Chemours Company FC, LLC<br>1007 Market Street<br>Wilmington, DE  19899 | Chemguard, Inc.<br>One Stanton Street<br>Marinette, WI  54143 | Tyco Fire Products LP<br>1400 Pennbrook Parkway<br>Lansdale, PA  19446 |
| The Ansul Company<br>One Stanton Street<br>Marinette, WI  54143 | Johnson Controls International, PLC<br>5757 N. Green Bay Avenue<br>Milwaukee, WI  53209 | Kidde-Fenwal, Inc.<br>One Financial Plaza<br>Hartford, CT  06101 |
| Kidde PLC, Inc.<br>One Carrier Place<br>Farmington, CT  06034 | Kidde Fire Fighting, Inc.<br>400 Main Street<br>Ashland, MA  01721 | UTC Fire & Security Americas Corp.<br>3211 Progress Drive<br>Lincolnton, NC  28092 |
| National Foam, Inc.<br>141 Junny Road<br>Angier, NC  27501 | Angus International Safety Group, Ltd.<br>Station Road, High Bentham,<br>Near Lancaster<br>United Kingdom LA2 7NA | Angus Fire Armour Corporation<br>141 Junny Road<br>Angier, NC  27501 |
| Buckeye Fire Equipment Company<br>110 Kings Road<br>Mountain, NC  28086 | Dyneon LLC<br>6744 33rd Street N<br>Oakdale, MN  55128 | Arkema, Inc.<br>900 1st Avenue<br>King of Prussia, PA  19406 |
| Arkema France, S.A.<br>420 rue d'Estiene d'Orves, F-92705<br>Colombes Cedex, France | Solvay Specialty Polymers, USA, LLC<br>4500 McGinnis Ferry Road<br>Alpharetta, GA  30005 | United Technologies Corporation<br>8 Farm Springs Road<br>Farmington, CT  06032 |
| Chubb Fire, Ltd.<br>Littleton Road, Ashford, Middlesex<br>United Kingdom TW15 1TZ | Archroma Management, LLC<br>Neuhofstrasse 11<br>4153 Reinach<br>Basel-Land<br>Switzerland | AGC, Inc.<br>1-5-1, Marunouchi,<br>Chiyoda-ku, Tokyo 100-8405<br>JAPAN |
| Daikin Industries, Ltd.<br>475 Fifth Avenue, 18th Floor<br>New York, NY  10017 | Daikin America, Inc.<br>20 Olympic Drive<br>Orangeburg, NY  10962 | Dynax Corporation<br>103 Fairview Park Drive<br>Elmsford, NY  10523 |
| Johnson Controls Fire Protection<br>5757 N. Green Bay Avenue<br>Milwaukee, WI  53201 | Nation Ford Chemical Corporation<br>2300 Banks Street<br>Fort Mill, SC  29715 | Narchem Corporation<br>2519 Pan Am Boulevard<br>Elk Grove, IL  60007 |
| BASF Corporation<br>100 Park Avenue<br>Florham Park, NJ  07932 | Chemicals, Inc.<br>12321 Hatcherville Road<br>Baytown, TX  77521 | ChemDesign Products, Inc.<br>2 Stanton Street<br>Marinette, WI  54143 |
| Clariant Corporation<br>4000 Monroe Road<br>Charlotte, NC  28205 | Corteva, Inc.<br>974 Centre Road<br>Wilmington, DE  19805 | Deepwater Chemicals, Inc.<br>196122 County Road 40<br>Woodward, OK  73801 |
| Elé Corporation<br>7847 West 47th Street<br>McCook, IL  60525 | | |

*/s/ Vincent A. Tucceri*

Vincent A. Tucceri, Esquire

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) | CIVIL DIVISION G.D. No.: 20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER OF COURT** |
| vs. | ) | |
| | ) | |
| 3M COMPANY, et al., | ) | Filed on Behalf of: |
| | ) | Coraopolis Water and Sewer Authority, |
| Defendants. | ) | Plaintiff |

## ORDER OF COURT

AND NOW, to-wit, this **13** day of **May**, 2020, upon Motion of
Vincent A. Tucceri, Esquire, the Court finds that the standards set forth in Pa. B.R.C.P 1012.1
have been met, and the following individuals are hereby admitted Pro Hac Vice in the above-
captioned case: Scott Summy, Esquire; Cary McDougal, Esquire; Carla Burke Pickrel, Esquire;
Cristina Sanchez, Esquire; and Zack Sandman, Esquire.

BY THE COURT,

_____ /J.

FILED

20 MAY 13 AM 1:56

DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

# IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

CORAOPOLIS WATER AND SEWER
AUTHORITY,

          Plaintiff,

      vs.

3M COMPANY, E. I. DUPONT DE
NEMOURS AND COMPANY, THE
CHEMOURS COMPANY LLC,
DOWDUPONT, INC., DUPONT
CHEMICAL SOLUTIONS ENTERPRISE,
THE CHEMOURS COMPANY FC, LLC,
CHEMGUARD, INC., TYCO FIRE
PRODUCTS LP, THE ANSUL
COMPANY, JOHNSON CONTROLS
INTERNATIONAL, PLC, KIDDE-
FENWAL, INC., KIDDE PLC, INC.,
KIDDE FIRE FIGHTING, INC., UTC
FIRE & SECURITY AMERICAS
CORPORATION, INC., NATIONAL
FOAM, INC., ANGUS
INTERNATIONAL SAFETY GROUP,
LTD., ANGUS FIRE ARMOUR
CORPORATION, BUCKEYE FIRE
EQUIPMENT COMPANY, DYNEON
LLC, ARKEMA, INC., ARKEMA
FRANCE, S.A., SOLVAY SPECIALTY
POLYMERS, USA, LLC, UNITED
TECHNOLOGIES CORPORATION,
CHUBB FIRE, LTD., ARCHROMA
MANAGEMENT, LLC. AGC, INC.,
DAIKIN INDUSTRIES, LTD., DAIKIN
AMERICA, INC., DYNAX
CORPORATION, JOHNSON
CONTROLS FIRE PROTECTION,
NATION FORD CHEMICAL
CORPORATION, NARCHEM
CORPORATION, BASF
CORPORATION, CHEMICALS, INC.,
CHEMDESIGN PRODUCTS, INC.,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL DIVISION
G.D. No.:  20-005577

**AFFIDAVIT OF SERVICE OF**:

**COMPLAINT IN CIVIL ACTION**

CODE:  004 PRODUCTS LIABILITY

Filed on Behalf of:
Coraopolis Water and Sewer Authority,
Plaintiff

Co-Counsel of Record for this Party:

Vincent A. Tucceri, Esquire
Pa. I.D. #27643
vtucceri@gtnlaw.com

Nathaniel J. Boring, Esquire
Pa. I.D. #321032
nboring@gtnlaw.com

Gaitens, Tucceri & Nicholas, P.C.
Firm #562
519 Court Place
Pittsburgh, PA  15219
412-391-6920

Scott Summy, Esquire
Cary McDougal, Esquire
Carla Burke Pickrel, Esquire
Cristina Sanchez, Esquire
Zack Sandman, Esquire
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
214-521-3605

CLARIANT CORPORATION,                    )
CORTEVA, INC., DEEPWATER                  )
CHEMICALS, INC., ELÉ                      )
CORPORATION, and JOHN DOE                 )
DEFENDANTS 1-49,                          )
                                          )
                     Defendants.          )


**JURY TRIAL DEMANDED**

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

CORAOPOLIS WATER AND SEWER )        CIVIL DIVISION
AUTHORITY, )                        G.D. No.:  20-005577
                       )
           Plaintiff, )
                       )        **AFFIDAVIT OF SERVICE OF**:
       vs. )
                       )        **COMPLAINT IN CIVIL ACTION**
3M COMPANY, et al., )
                       )
          Defendants. )        Filed on Behalf of:
                       )        Coraopolis Water and Sewer Authority,
                       )        Plaintiff

## AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION

      I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the

Complaint in Civil Action upon Chemicals, Inc., Defendant herein, at the address of

12321 Hatcherville Road, Baytown, TX 77521, by Certified Mail/Return Receipt Requested on

the 14th day of May, 2020.  A copy of the Return Receipt Card is attached hereto as Exhibit "A."

May 21, 2020                                                    /s/ *Vincent A. Tucceri, Esquire*
Date                                                               Vincent A. Tucceri, Esquire

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chemicals, Inc.
12321 Hatcherville Road
Baytown, TX 77521

9590 9402 5775 0003 1474 12

2. Article Number (Transfer from service label)

7018 2290 0000 9457 1977

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

5/4/20

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Plaintiff

Signature:  /s/ Vincent A. Tucceri

Name:  Vincent A. Tucceri, Esquire

Attorney No. (if applicable):  27643

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, E. I. DUPONT DE | ) | |
| NEMOURS AND COMPANY, THE | ) | |
| CHEMOURS COMPANY LLC, | ) | CODE:  004 PRODUCTS LIABILITY |
| DOWDUPONT, INC., DUPONT | ) | |
| CHEMICAL SOLUTIONS ENTERPRISE, | ) | Filed on Behalf of: |
| THE CHEMOURS COMPANY FC, LLC, | ) | Coraopolis Water and Sewer Authority, |
| CHEMGUARD, INC., TYCO FIRE | ) | Plaintiff |
| PRODUCTS LP, THE ANSUL | ) | |
| COMPANY, JOHNSON CONTROLS | ) | Co-Counsel of Record for this Party: |
| INTERNATIONAL, PLC, KIDDE- | ) | |
| FENWAL, INC., KIDDE PLC, INC., | ) | Vincent A. Tucceri, Esquire |
| KIDDE FIRE FIGHTING, INC., UTC | ) | Pa. I.D. #27643 |
| FIRE & SECURITY AMERICAS | ) | vtucceri@gtnlaw.com |
| CORPORATION, INC., NATIONAL | ) | |
| FOAM, INC., ANGUS | ) | Nathaniel J. Boring, Esquire |
| INTERNATIONAL SAFETY GROUP, | ) | Pa. I.D. #321032 |
| LTD., ANGUS FIRE ARMOUR | ) | nboring@gtnlaw.com |
| CORPORATION, BUCKEYE FIRE | ) | |
| EQUIPMENT COMPANY, DYNEON | ) | Gaitens, Tucceri & Nicholas, P.C. |
| LLC, ARKEMA, INC., ARKEMA | ) | Firm #562 |
| FRANCE, S.A., SOLVAY SPECIALTY | ) | 519 Court Place |
| POLYMERS, USA, LLC, UNITED | ) | Pittsburgh, PA  15219 |
| TECHNOLOGIES CORPORATION, | ) | 412-391-6920 |
| CHUBB FIRE, LTD., ARCHROMA | ) | |
| MANAGEMENT, LLC. AGC, INC., | ) | Scott Summy, Esquire |
| DAIKIN INDUSTRIES, LTD., DAIKIN | ) | Cary McDougal, Esquire |
| AMERICA, INC., DYNAX | ) | Carla Burke Pickrel, Esquire |
| CORPORATION, JOHNSON | ) | Cristina Sanchez, Esquire |
| CONTROLS FIRE PROTECTION, | ) | Zack Sandman, Esquire |
| NATION FORD CHEMICAL | ) | Baron & Budd, P.C. |
| CORPORATION, NARCHEM | ) | 3102 Oak Lawn Avenue |
| CORPORATION, BASF | ) | Suite 1100 |
| CORPORATION, CHEMICALS, INC., | ) | Dallas, TX 75219 |
| CHEMDESIGN PRODUCTS, INC., | ) | 214-521-3605 |

CLARIANT CORPORATION,                    )
CORTEVA, INC., DEEPWATER                 )
CHEMICALS, INC., ELÉ                      )
CORPORATION, and JOHN DOE                )
DEFENDANTS 1-49,                          )
                                          )
                    Defendants.                    )


**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS**
**OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) ) | CIVIL DIVISION<br>G.D. No.: 20-005577 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **AFFIDAVIT OF SERVICE OF:** |
| 3M COMPANY, et al., | ) ) ) | **COMPLAINT IN CIVIL ACTION** |
| Defendants. | ) ) ) ) | Filed on Behalf of:<br>Coraopolis Water and Sewer Authority,<br>Plaintiff |

**AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION**

I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the Complaint in Civil Action upon Chemguard, Inc., Defendant herein, at the address of One Stanton Street, Marinette, WI 54143, by Certified Mail/Return Receipt Requested on the 14th day of May, 2020. A copy of the Return Receipt Card is attached hereto as Exhibit "A."

May 21, 2020
Date

/s/ Vincent A. Tucceri, Esquire
Vincent A. Tucceri, Esquire

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chemguard, Inc.
One Stanton Street
Marinette, WI  54143

9590 9402 5775 0003 1472 14

7018 2290 0000 9457 1786

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Kaitey Beekman    ☑ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Katelyn Beekman    5/14/20

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Plaintiff

Signature:  /s/ Vincent A. Tucceri

Name:  Vincent A. Tucceri, Esquire

Attorney No. (if applicable):  27643

# IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, E. I. DUPONT DE NEMOURS AND COMPANY, THE | ) | |
| CHEMOURS COMPANY LLC, | ) | CODE:  004 PRODUCTS LIABILITY |
| DOWDUPONT, INC., DUPONT | ) | |
| CHEMICAL SOLUTIONS ENTERPRISE, | ) | Filed on Behalf of: |
| THE CHEMOURS COMPANY FC, LLC, | ) | Coraopolis Water and Sewer Authority, |
| CHEMGUARD, INC., TYCO FIRE | ) | Plaintiff |
| PRODUCTS LP, THE ANSUL | ) | |
| COMPANY, JOHNSON CONTROLS | ) | Co-Counsel of Record for this Party: |
| INTERNATIONAL, PLC, KIDDE- | ) | |
| FENWAL, INC., KIDDE PLC, INC., | ) | Vincent A. Tucceri, Esquire |
| KIDDE FIRE FIGHTING, INC., UTC | ) | Pa. I.D. #27643 |
| FIRE & SECURITY AMERICAS | ) | vtucceri@gtnlaw.com |
| CORPORATION, INC., NATIONAL | ) | |
| FOAM, INC., ANGUS | ) | Nathaniel J. Boring, Esquire |
| INTERNATIONAL SAFETY GROUP, | ) | Pa. I.D. #321032 |
| LTD., ANGUS FIRE ARMOUR | ) | nboring@gtnlaw.com |
| CORPORATION, BUCKEYE FIRE | ) | |
| EQUIPMENT COMPANY, DYNEON | ) | Gaitens, Tucceri & Nicholas, P.C. |
| LLC, ARKEMA, INC., ARKEMA | ) | Firm #562 |
| FRANCE, S.A., SOLVAY SPECIALTY | ) | 519 Court Place |
| POLYMERS, USA, LLC, UNITED | ) | Pittsburgh, PA  15219 |
| TECHNOLOGIES CORPORATION, | ) | 412-391-6920 |
| CHUBB FIRE, LTD., ARCHROMA | ) | |
| MANAGEMENT, LLC. AGC, INC., | ) | Scott Summy, Esquire |
| DAIKIN INDUSTRIES, LTD., DAIKIN | ) | Cary McDougal, Esquire |
| AMERICA, INC., DYNAX | ) | Carla Burke Pickrel, Esquire |
| CORPORATION, JOHNSON | ) | Cristina Sanchez, Esquire |
| CONTROLS FIRE PROTECTION, | ) | Zack Sandman, Esquire |
| NATION FORD CHEMICAL | ) | Baron & Budd, P.C. |
| CORPORATION, NARCHEM | ) | 3102 Oak Lawn Avenue |
| CORPORATION, BASF | ) | Suite 1100 |
| CORPORATION, CHEMICALS, INC., | ) | Dallas, TX 75219 |
| CHEMDESIGN PRODUCTS, INC., | ) | 214-521-3605 |

CLARIANT CORPORATION,                    )
CORTEVA, INC., DEEPWATER                 )
CHEMICALS, INC., ELÉ                      )
CORPORATION, and JOHN DOE                )
DEFENDANTS 1-49,                          )
                                          )
              Defendants.            )


**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) | CIVIL DIVISION G.D. No.: 20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | Filed on Behalf of: |
| | ) | Coraopolis Water and Sewer Authority, |
| | ) | Plaintiff |

**AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION**

I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the Complaint in Civil Action upon Johnson Controls International, PLC, Defendant herein, at the address of 5757 N. Greenbay Avenue, Milwaukee, WI 53209, by Certified Mail/Return Receipt Requested on the 14th day of May, 2020.  A copy of the Return Receipt Card is attached hereto as Exhibit "A."

May 21, 2020
Date

/s/ Vincent A. Tucceri, Esquire
Vincent A. Tucceri, Esquire

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Johnson Controls International, PLC
5757 N. Green Bay Avenue
Milwaukee, WI 53209

9590 9402 5775 0003 1472 38

2. Article Number *(Transfer from service label)*

7018 2290 0000 9457 1809

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  C-19

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

5-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Plaintiff

Signature:  /s/ Vincent A. Tucceri

Name:  Vincent A. Tucceri, Esquire

Attorney No. (if applicable):  27643

# IN THE COURT OF COMMON PLEAS
# OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, E. I. DUPONT DE | ) | |
| NEMOURS AND COMPANY, THE | ) | |
| CHEMOURS COMPANY LLC, | ) | CODE:  004 PRODUCTS LIABILITY |
| DOWDUPONT, INC., DUPONT | ) | |
| CHEMICAL SOLUTIONS ENTERPRISE, | ) | Filed on Behalf of: |
| THE CHEMOURS COMPANY FC, LLC, | ) | Coraopolis Water and Sewer Authority, |
| CHEMGUARD, INC., TYCO FIRE | ) | Plaintiff |
| PRODUCTS LP, THE ANSUL | ) | |
| COMPANY, JOHNSON CONTROLS | ) | Co-Counsel of Record for this Party: |
| INTERNATIONAL, PLC, KIDDE- | ) | |
| FENWAL, INC., KIDDE PLC, INC., | ) | Vincent A. Tucceri, Esquire |
| KIDDE FIRE FIGHTING, INC., UTC | ) | Pa. I.D. #27643 |
| FIRE & SECURITY AMERICAS | ) | vtucceri@gtnlaw.com |
| CORPORATION, INC., NATIONAL | ) | |
| FOAM, INC., ANGUS | ) | Nathaniel J. Boring, Esquire |
| INTERNATIONAL SAFETY GROUP, | ) | Pa. I.D. #321032 |
| LTD., ANGUS FIRE ARMOUR | ) | nboring@gtnlaw.com |
| CORPORATION, BUCKEYE FIRE | ) | |
| EQUIPMENT COMPANY, DYNEON | ) | Gaitens, Tucceri & Nicholas, P.C. |
| LLC, ARKEMA, INC., ARKEMA | ) | Firm #562 |
| FRANCE, S.A., SOLVAY SPECIALTY | ) | 519 Court Place |
| POLYMERS, USA, LLC, UNITED | ) | Pittsburgh, PA  15219 |
| TECHNOLOGIES CORPORATION, | ) | 412-391-6920 |
| CHUBB FIRE, LTD., ARCHROMA | ) | |
| MANAGEMENT, LLC. AGC, INC., | ) | Scott Summy, Esquire |
| DAIKIN INDUSTRIES, LTD., DAIKIN | ) | Cary McDougal, Esquire |
| AMERICA, INC., DYNAX | ) | Carla Burke Pickrel, Esquire |
| CORPORATION, JOHNSON | ) | Cristina Sanchez, Esquire |
| CONTROLS FIRE PROTECTION, | ) | Zack Sandman, Esquire |
| NATION FORD CHEMICAL | ) | Baron & Budd, P.C. |
| CORPORATION, NARCHEM | ) | 3102 Oak Lawn Avenue |
| CORPORATION, BASF | ) | Suite 1100 |
| CORPORATION, CHEMICALS, INC., | ) | Dallas, TX 75219 |
| CHEMDESIGN PRODUCTS, INC., | ) | 214-521-3605 |

CLARIANT CORPORATION,                    )
CORTEVA, INC., DEEPWATER                 )
CHEMICALS, INC., ELÉ                      )
CORPORATION, and JOHN DOE                )
DEFENDANTS 1-49,                          )
                                         )
                  Defendants.        )

**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF:** |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | Filed on Behalf of: |
| | ) | Coraopolis Water and Sewer Authority, |
| | ) | Plaintiff |

**AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION**

I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the Complaint in Civil Action upon Deepwater Chemicals, Inc., Defendant herein, at the address of 196122 County Road 40, Woodward, OK  73801, by Certified Mail/Return Receipt Requested on the 14th day of May, 2020.  A copy of the Return Receipt Card is attached hereto as Exhibit "A."

May 21, 2020                                              /s/ Vincent A. Tucceri, Esquire
Date                                                              Vincent A. Tucceri, Esquire

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Deepwater Chemicals, Inc.
196122 County Road 40
Woodward, OK  73801

9590 9402 5775 0003 1471 15

2. Article Number (Transfer from service label)

7018 2290 0000 9457 2011

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  L Goetzinger
☐ Agent
☐ Addressee

B. Received by (Printed Name)   DR RF3 C-19

C. Date of Delivery   5-14-20

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Plaintiff</u>

Signature: <u>/s/ Vincent A. Tucceri</u>

Name: <u>Vincent A. Tucceri, Esquire</u>

Attorney No. (if applicable): <u>27643</u>

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| Plaintiff, | ) ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, E. I. DUPONT DE | ) | |
| NEMOURS AND COMPANY, THE | ) | |
| CHEMOURS COMPANY LLC, | ) | CODE:  004 PRODUCTS LIABILITY |
| DOWDUPONT, INC., DUPONT | ) | |
| CHEMICAL SOLUTIONS ENTERPRISE, | ) | Filed on Behalf of: |
| THE CHEMOURS COMPANY FC, LLC, | ) | Coraopolis Water and Sewer Authority, |
| CHEMGUARD, INC., TYCO FIRE | ) | Plaintiff |
| PRODUCTS LP, THE ANSUL | ) | |
| COMPANY, JOHNSON CONTROLS | ) | Co-Counsel of Record for this Party: |
| INTERNATIONAL, PLC, KIDDE- | ) | |
| FENWAL, INC., KIDDE PLC, INC., | ) | Vincent A. Tucceri, Esquire |
| KIDDE FIRE FIGHTING, INC., UTC | ) | Pa. I.D. #27643 |
| FIRE & SECURITY AMERICAS | ) | vtucceri@gtnlaw.com |
| CORPORATION, INC., NATIONAL | ) | |
| FOAM, INC., ANGUS | ) | Nathaniel J. Boring, Esquire |
| INTERNATIONAL SAFETY GROUP, | ) | Pa. I.D. #321032 |
| LTD., ANGUS FIRE ARMOUR | ) | nboring@gtnlaw.com |
| CORPORATION, BUCKEYE FIRE | ) | |
| EQUIPMENT COMPANY, DYNEON | ) | Gaitens, Tucceri & Nicholas, P.C. |
| LLC, ARKEMA, INC., ARKEMA | ) | Firm #562 |
| FRANCE, S.A., SOLVAY SPECIALTY | ) | 519 Court Place |
| POLYMERS, USA, LLC, UNITED | ) | Pittsburgh, PA  15219 |
| TECHNOLOGIES CORPORATION, | ) | 412-391-6920 |
| CHUBB FIRE, LTD., ARCHROMA | ) | |
| MANAGEMENT, LLC. AGC, INC., | ) | Scott Summy, Esquire |
| DAIKIN INDUSTRIES, LTD., DAIKIN | ) | Cary McDougal, Esquire |
| AMERICA, INC., DYNAX | ) | Carla Burke Pickrel, Esquire |
| CORPORATION, JOHNSON | ) | Cristina Sanchez, Esquire |
| CONTROLS FIRE PROTECTION, | ) | Zack Sandman, Esquire |
| NATION FORD CHEMICAL | ) | Baron & Budd, P.C. |
| CORPORATION, NARCHEM | ) | 3102 Oak Lawn Avenue |
| CORPORATION, BASF | ) | Suite 1100 |
| CORPORATION, CHEMICALS, INC., | ) | Dallas, TX 75219 |
| CHEMDESIGN PRODUCTS, INC., | ) | 214-521-3605 |

CLARIANT CORPORATION,                    )
CORTEVA, INC., DEEPWATER            )
CHEMICALS, INC., ELÉ                         )
CORPORATION, and JOHN DOE          )
DEFENDANTS 1-49,                            )
                                                          )
                        Defendants.                )


**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) | CIVIL DIVISION G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF:** |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | Filed on Behalf of: |
| | ) | Coraopolis Water and Sewer Authority, |
| | ) | Plaintiff |

**AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION**

I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the Complaint in Civil Action upon Daikin America, Inc., Defendant herein, at the address of 20 Olympic Drive, Orangeburg, NY 10962, by Certified Mail/Return Receipt Requested on the 15th day of May, 2020.  A copy of the Return Receipt Card is attached hereto as Exhibit "A."

May 21, 2020                                     /s/ Vincent A. Tucceri, Esquire
Date                                             Vincent A. Tucceri, Esquire

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items **1**, **2**, and **3**. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☐ Addressee <br> B. Received by *(Printed Name)*     C. Date of Delivery |

1. Article Addressed to:

Daikin America, Inc.
20 Olympic Drive
Orangeburg, NY  10962

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

|||||||||||||||| (barcode)

9590 9402 5775 0003 1473 51

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7018 2290 0000 9457 1915

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Plaintiff

Signature:  /s/ Vincent A. Tucceri

Name:  Vincent A. Tucceri, Esquire

Attorney No. (if applicable):  27643

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, E. I. DUPONT DE | ) | |
| NEMOURS AND COMPANY, THE | ) | |
| CHEMOURS COMPANY LLC, | ) | CODE:  004 PRODUCTS LIABILITY |
| DOWDUPONT, INC., DUPONT | ) | |
| CHEMICAL SOLUTIONS ENTERPRISE, | ) | Filed on Behalf of: |
| THE CHEMOURS COMPANY FC, LLC, | ) | Coraopolis Water and Sewer Authority, |
| CHEMGUARD, INC., TYCO FIRE | ) | Plaintiff |
| PRODUCTS LP, THE ANSUL | ) | |
| COMPANY, JOHNSON CONTROLS | ) | Co-Counsel of Record for this Party: |
| INTERNATIONAL, PLC, KIDDE- | ) | |
| FENWAL, INC., KIDDE PLC, INC., | ) | Vincent A. Tucceri, Esquire |
| KIDDE FIRE FIGHTING, INC., UTC | ) | Pa. I.D. #27643 |
| FIRE & SECURITY AMERICAS | ) | vtucceri@gtnlaw.com |
| CORPORATION, INC., NATIONAL | ) | |
| FOAM, INC., ANGUS | ) | Nathaniel J. Boring, Esquire |
| INTERNATIONAL SAFETY GROUP, | ) | Pa. I.D. #321032 |
| LTD., ANGUS FIRE ARMOUR | ) | nboring@gtnlaw.com |
| CORPORATION, BUCKEYE FIRE | ) | |
| EQUIPMENT COMPANY, DYNEON | ) | Gaitens, Tucceri & Nicholas, P.C. |
| LLC, ARKEMA, INC., ARKEMA | ) | Firm #562 |
| FRANCE, S.A., SOLVAY SPECIALTY | ) | 519 Court Place |
| POLYMERS, USA, LLC, UNITED | ) | Pittsburgh, PA  15219 |
| TECHNOLOGIES CORPORATION, | ) | 412-391-6920 |
| CHUBB FIRE, LTD., ARCHROMA | ) | |
| MANAGEMENT, LLC. AGC, INC., | ) | Scott Summy, Esquire |
| DAIKIN INDUSTRIES, LTD., DAIKIN | ) | Cary McDougal, Esquire |
| AMERICA, INC., DYNAX | ) | Carla Burke Pickrel, Esquire |
| CORPORATION, JOHNSON | ) | Cristina Sanchez, Esquire |
| CONTROLS FIRE PROTECTION, | ) | Zack Sandman, Esquire |
| NATION FORD CHEMICAL | ) | Baron & Budd, P.C. |
| CORPORATION, NARCHEM | ) | 3102 Oak Lawn Avenue |
| CORPORATION, BASF | ) | Suite 1100 |
| CORPORATION, CHEMICALS, INC., | ) | Dallas, TX 75219 |
| CHEMDESIGN PRODUCTS, INC., | ) | 214-521-3605 |

CLARIANT CORPORATION,                     )
CORTEVA, INC., DEEPWATER                   )
CHEMICALS, INC., ELÉ                       )
CORPORATION, and JOHN DOE                  )
DEFENDANTS 1-49,                           )
                                           )
                    Defendants.            )


**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS**
**OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF:** |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | Filed on Behalf of: |
| | ) | Coraopolis Water and Sewer Authority, |
| | ) | Plaintiff |

## AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION

I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the Complaint in Civil Action upon National Foam, Inc., Defendant herein, at the address of 141 Junny Road, Angier, NC 27501, by Certified Mail/Return Receipt Requested on the 14th day of May, 2020.  A copy of the Return Receipt Card is attached hereto as Exhibit "A."


May 21, 2020                                    /s/ Vincent A. Tucceri, Esquire
Date                                            Vincent A. Tucceri, Esquire

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

National Foam, Inc.
141 Junny Road
Angier, NC  27501

9590 9402 5775 0003 1472 83

2. Article Number (Transfer from service label)
7018 2290 0000 9457 1847

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X D Graves
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Jmc Rtg c-19

C. Date of Delivery
5-14-2020

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ Mail
☐ ____ il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Plaintiff

Signature:  /s/ Vincent A. Tucceri

Name:  Vincent A. Tucceri, Esquire

Attorney No. (if applicable):  27643

# IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) ) | CIVIL DIVISION<br>G.D. No.:  20-005577 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **AFFIDAVIT OF SERVICE OF**:<br><br>**COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, E. I. DUPONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY LLC, DOWDUPONT, INC., DUPONT CHEMICAL SOLUTIONS ENTERPRISE, THE CHEMOURS COMPANY FC, LLC, CHEMGUARD, INC., TYCO FIRE PRODUCTS LP, THE ANSUL COMPANY, JOHNSON CONTROLS INTERNATIONAL, PLC, KIDDE-FENWAL, INC., KIDDE PLC, INC., KIDDE FIRE FIGHTING, INC., UTC FIRE & SECURITY AMERICAS CORPORATION, INC., NATIONAL FOAM, INC., ANGUS INTERNATIONAL SAFETY GROUP, LTD., ANGUS FIRE ARMOUR CORPORATION, BUCKEYE FIRE EQUIPMENT COMPANY, DYNEON LLC, ARKEMA, INC., ARKEMA FRANCE, S.A., SOLVAY SPECIALTY POLYMERS, USA, LLC, UNITED TECHNOLOGIES CORPORATION, CHUBB FIRE, LTD., ARCHROMA MANAGEMENT, LLC. AGC, INC., DAIKIN INDUSTRIES, LTD., DAIKIN AMERICA, INC., DYNAX CORPORATION, JOHNSON CONTROLS FIRE PROTECTION, NATION FORD CHEMICAL CORPORATION, NARCHEM CORPORATION, BASF CORPORATION, CHEMICALS, INC., CHEMDESIGN PRODUCTS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CODE:  004 PRODUCTS LIABILITY<br><br>Filed on Behalf of:<br>Coraopolis Water and Sewer Authority, Plaintiff<br><br>Co-Counsel of Record for this Party:<br><br>Vincent A. Tucceri, Esquire<br>Pa. I.D. #27643<br>vtucceri@gtnlaw.com<br><br>Nathaniel J. Boring, Esquire<br>Pa. I.D. #321032<br>nboring@gtnlaw.com<br><br>Gaitens, Tucceri & Nicholas, P.C.<br>Firm #562<br>519 Court Place<br>Pittsburgh, PA  15219<br>412-391-6920<br><br>Scott Summy, Esquire<br>Cary McDougal, Esquire<br>Carla Burke Pickrel, Esquire<br>Cristina Sanchez, Esquire<br>Zack Sandman, Esquire<br>Baron & Budd, P.C.<br>3102 Oak Lawn Avenue<br>Suite 1100<br>Dallas, TX 75219<br>214-521-3605 |

CLARIANT CORPORATION,                    )
CORTEVA, INC., DEEPWATER                  )
CHEMICALS, INC., ELÉ                      )
CORPORATION, and JOHN DOE                 )
DEFENDANTS 1-49,                          )
                                          )
               Defendants.                 )


**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | Filed on Behalf of: |
| | ) | Coraopolis Water and Sewer Authority, |
| | ) | Plaintiff |

**AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION**

I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the Complaint in Civil Action upon Angus Fire Armour Corporation, Defendant herein, at the address of 141 Junny Road, Angier, NC 27501, by Certified Mail/Return Receipt Requested on the 14th day of May, 2020.  A copy of the Return Receipt Card is attached hereto as Exhibit "A."

May 21, 2020                                      /s/ Vincent A. Tucceri, Esquire
Date                                                  Vincent A. Tucceri, Esquire

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Angus Fire Armour Corporation
141 Junny Road
Angier, NC 27501

9590 9402 5775 0003 1472 90

2. Article Number *(Transfer from service label)*

7018 2290 0000 9457 1854

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X D Graves

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

Jmo Rtb C-19

C. Date of Delivery

5-14-2020

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Plaintiff

Signature:  /s/ Vincent A. Tucceri

Name:  Vincent A. Tucceri, Esquire

Attorney No. (if applicable): 27643

**IN THE COURT OF COMMON PLEAS**
**OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, E. I. DUPONT DE | ) | |
| NEMOURS AND COMPANY, THE | ) | |
| CHEMOURS COMPANY LLC, | ) | CODE:  004 PRODUCTS LIABILITY |
| DOWDUPONT, INC., DUPONT | ) | |
| CHEMICAL SOLUTIONS ENTERPRISE, | ) | Filed on Behalf of: |
| THE CHEMOURS COMPANY FC, LLC, | ) | Coraopolis Water and Sewer Authority, |
| CHEMGUARD, INC., TYCO FIRE | ) | Plaintiff |
| PRODUCTS LP, THE ANSUL | ) | |
| COMPANY, JOHNSON CONTROLS | ) | Co-Counsel of Record for this Party: |
| INTERNATIONAL, PLC, KIDDE- | ) | |
| FENWAL, INC., KIDDE PLC, INC., | ) | Vincent A. Tucceri, Esquire |
| KIDDE FIRE FIGHTING, INC., UTC | ) | Pa. I.D. #27643 |
| FIRE & SECURITY AMERICAS | ) | vtucceri@gtnlaw.com |
| CORPORATION, INC., NATIONAL | ) | |
| FOAM, INC., ANGUS | ) | Nathaniel J. Boring, Esquire |
| INTERNATIONAL SAFETY GROUP, | ) | Pa. I.D. #321032 |
| LTD., ANGUS FIRE ARMOUR | ) | nboring@gtnlaw.com |
| CORPORATION, BUCKEYE FIRE | ) | |
| EQUIPMENT COMPANY, DYNEON | ) | Gaitens, Tucceri & Nicholas, P.C. |
| LLC, ARKEMA, INC., ARKEMA | ) | Firm #562 |
| FRANCE, S.A., SOLVAY SPECIALTY | ) | 519 Court Place |
| POLYMERS, USA, LLC, UNITED | ) | Pittsburgh, PA  15219 |
| TECHNOLOGIES CORPORATION, | ) | 412-391-6920 |
| CHUBB FIRE, LTD., ARCHROMA | ) | |
| MANAGEMENT, LLC. AGC, INC., | ) | Scott Summy, Esquire |
| DAIKIN INDUSTRIES, LTD., DAIKIN | ) | Cary McDougal, Esquire |
| AMERICA, INC., DYNAX | ) | Carla Burke Pickrel, Esquire |
| CORPORATION, JOHNSON | ) | Cristina Sanchez, Esquire |
| CONTROLS FIRE PROTECTION, | ) | Zack Sandman, Esquire |
| NATION FORD CHEMICAL | ) | Baron & Budd, P.C. |
| CORPORATION, NARCHEM | ) | 3102 Oak Lawn Avenue |
| CORPORATION, BASF | ) | Suite 1100 |
| CORPORATION, CHEMICALS, INC., | ) | Dallas, TX 75219 |
| CHEMDESIGN PRODUCTS, INC., | ) | 214-521-3605 |

CLARIANT CORPORATION,                    )
CORTEVA, INC., DEEPWATER                 )
CHEMICALS, INC., ELÉ                     )
CORPORATION, and JOHN DOE                )
DEFENDANTS 1-49,                         )
                                         )
                    Defendants.          )


**JURY TRIAL DEMANDED**

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) ) | CIVIL DIVISION<br>G.D. No.:  20-005577 |
| Plaintiff, | ) ) | |
| | ) | **AFFIDAVIT OF SERVICE OF:** |
| vs. | ) ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, et al., | ) ) | |
| Defendants. | ) ) ) | Filed on Behalf of:<br>Coraopolis Water and Sewer Authority,<br>Plaintiff |

## AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION

I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the Complaint in Civil Action upon Johnson Controls Fire Protection, Defendant herein, at the address of 5757 N. Green Bay Avenue, Milwaukee, WI 53201, by Certified Mail/Return Receipt Requested on the 14th day of May, 2020.  A copy of the Return Receipt Card is attached hereto as Exhibit "A."

May 21, 2020                                    /s/ Vincent A. Tucceri, Esquire
Date                                               Vincent A. Tucceri, Esquire

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Johnson Controls Fire Protection
5757 N. Green Bay Avenue
Milwaukee, WI  53201

9590 9402 5775 0003 1473 75

2. Article Number *(Transfer from service label)*

7018 2290 0000 9457 1939

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X   C - 19

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

5 - 14

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Plaintiff

Signature:  /s/ Vincent A. Tucceri

Name:  Vincent A. Tucceri, Esquire

Attorney No. (if applicable):  27643

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, E. I. DUPONT DE | ) | |
| NEMOURS AND COMPANY, THE | ) | |
| CHEMOURS COMPANY LLC, | ) | CODE:  004 PRODUCTS LIABILITY |
| DOWDUPONT, INC., DUPONT | ) | |
| CHEMICAL SOLUTIONS ENTERPRISE, | ) | Filed on Behalf of: |
| THE CHEMOURS COMPANY FC, LLC, | ) | Coraopolis Water and Sewer Authority, |
| CHEMGUARD, INC., TYCO FIRE | ) | Plaintiff |
| PRODUCTS LP, THE ANSUL | ) | |
| COMPANY, JOHNSON CONTROLS | ) | Co-Counsel of Record for this Party: |
| INTERNATIONAL, PLC, KIDDE- | ) | |
| FENWAL, INC., KIDDE PLC, INC., | ) | Vincent A. Tucceri, Esquire |
| KIDDE FIRE FIGHTING, INC., UTC | ) | Pa. I.D. #27643 |
| FIRE & SECURITY AMERICAS | ) | vtucceri@gtnlaw.com |
| CORPORATION, INC., NATIONAL | ) | |
| FOAM, INC., ANGUS | ) | Nathaniel J. Boring, Esquire |
| INTERNATIONAL SAFETY GROUP, | ) | Pa. I.D. #321032 |
| LTD., ANGUS FIRE ARMOUR | ) | nboring@gtnlaw.com |
| CORPORATION, BUCKEYE FIRE | ) | |
| EQUIPMENT COMPANY, DYNEON | ) | Gaitens, Tucceri & Nicholas, P.C. |
| LLC, ARKEMA, INC., ARKEMA | ) | Firm #562 |
| FRANCE, S.A., SOLVAY SPECIALTY | ) | 519 Court Place |
| POLYMERS, USA, LLC, UNITED | ) | Pittsburgh, PA  15219 |
| TECHNOLOGIES CORPORATION, | ) | 412-391-6920 |
| CHUBB FIRE, LTD., ARCHROMA | ) | |
| MANAGEMENT, LLC. AGC, INC., | ) | Scott Summy, Esquire |
| DAIKIN INDUSTRIES, LTD., DAIKIN | ) | Cary McDougal, Esquire |
| AMERICA, INC., DYNAX | ) | Carla Burke Pickrel, Esquire |
| CORPORATION, JOHNSON | ) | Cristina Sanchez, Esquire |
| CONTROLS FIRE PROTECTION, | ) | Zack Sandman, Esquire |
| NATION FORD CHEMICAL | ) | Baron & Budd, P.C. |
| CORPORATION, NARCHEM | ) | 3102 Oak Lawn Avenue |
| CORPORATION, BASF | ) | Suite 1100 |
| CORPORATION, CHEMICALS, INC., | ) | Dallas, TX 75219 |
| CHEMDESIGN PRODUCTS, INC., | ) | 214-521-3605 |

CLARIANT CORPORATION,                    )
CORTEVA, INC., DEEPWATER                  )
CHEMICALS, INC., ELÉ                      )
CORPORATION, and JOHN DOE                 )
DEFENDANTS 1-49,                          )
                                          )
                    Defendants.           )


**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) | CIVIL DIVISION G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) ) ) | Filed on Behalf of: Coraopolis Water and Sewer Authority, Plaintiff |

**AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION**

    I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the Complaint in Civil Action upon Buckeye Fire Equipment Company, Defendant herein, at the address of 110 Kings Road, Mountain, NC 28086, by Certified Mail/Return Receipt Requested on the 14th day of May, 2020.  A copy of the Return Receipt Card is attached hereto as Exhibit "A."

May 21, 2020
Date

/s/ *Vincent A. Tucceri, Esquire*
Vincent A. Tucceri, Esquire

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Buckeye Fire Equipment Company
110 Kings Road
Mountain, NC  28086

9590 9402 5775 0003 1473 06

2. Article Number (Transfer from service label)

7018 2290 0000 9457 1861

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Joseph L McCrody   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Joseph L McRoy

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☑ No

MAY 14 2020

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  <u>Plaintiff</u>

Signature:  <u>/s/ Vincent A. Tucceri</u>

Name:  <u>Vincent A. Tucceri, Esquire</u>

Attorney No. (if applicable):  <u>27643</u>

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

CORAOPOLIS WATER AND SEWER )
AUTHORITY, )
)
Plaintiff, )
)
vs. )
)
3M COMPANY, E. I. DUPONT DE )
NEMOURS AND COMPANY, THE )
CHEMOURS COMPANY LLC, )
DOWDUPONT, INC., DUPONT )
CHEMICAL SOLUTIONS ENTERPRISE, )
THE CHEMOURS COMPANY FC, LLC, )
CHEMGUARD, INC., TYCO FIRE )
PRODUCTS LP, THE ANSUL )
COMPANY, JOHNSON CONTROLS )
INTERNATIONAL, PLC, KIDDE- )
FENWAL, INC., KIDDE PLC, INC., )
KIDDE FIRE FIGHTING, INC., UTC )
FIRE & SECURITY AMERICAS )
CORPORATION, INC., NATIONAL )
FOAM, INC., ANGUS )
INTERNATIONAL SAFETY GROUP, )
LTD., ANGUS FIRE ARMOUR )
CORPORATION, BUCKEYE FIRE )
EQUIPMENT COMPANY, DYNEON )
LLC, ARKEMA, INC., ARKEMA )
FRANCE, S.A., SOLVAY SPECIALTY )
POLYMERS, USA, LLC, UNITED )
TECHNOLOGIES CORPORATION, )
CHUBB FIRE, LTD., ARCHROMA )
MANAGEMENT, LLC. AGC, INC., )
DAIKIN INDUSTRIES, LTD., DAIKIN )
AMERICA, INC., DYNAX )
CORPORATION, JOHNSON )
CONTROLS FIRE PROTECTION, )
NATION FORD CHEMICAL )
CORPORATION, NARCHEM )
CORPORATION, BASF )
CORPORATION, CHEMICALS, INC., )
CHEMDESIGN PRODUCTS, INC., )

CIVIL DIVISION
G.D. No.:  20-005577

**AFFIDAVIT OF SERVICE OF:**

**COMPLAINT IN CIVIL ACTION**

CODE:  004 PRODUCTS LIABILITY

Filed on Behalf of:
Coraopolis Water and Sewer Authority,
Plaintiff

Co-Counsel of Record for this Party:

Vincent A. Tucceri, Esquire
Pa. I.D. #27643
vtucceri@gtnlaw.com

Nathaniel J. Boring, Esquire
Pa. I.D. #321032
nboring@gtnlaw.com

Gaitens, Tucceri & Nicholas, P.C.
Firm #562
519 Court Place
Pittsburgh, PA  15219
412-391-6920

Scott Summy, Esquire
Cary McDougal, Esquire
Carla Burke Pickrel, Esquire
Cristina Sanchez, Esquire
Zack Sandman, Esquire
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
214-521-3605

CLARIANT CORPORATION,                    )
CORTEVA, INC., DEEPWATER                 )
CHEMICALS, INC., ELÉ                      )
CORPORATION, and JOHN DOE                )
DEFENDANTS 1-49,                         )
                                         )
                        Defendants.      )


**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| Plaintiff, | ) ) | |
| | ) | **AFFIDAVIT OF SERVICE OF:** |
| vs. | ) ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, et al., | ) ) | |
| Defendants. | ) ) ) | Filed on Behalf of: Coraopolis Water and Sewer Authority, Plaintiff |

**AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION**

I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the Complaint in Civil Action upon ChemDesign Products, Inc., Defendant herein, at the address of 2 Stanton Street, Marinette, WI 54143, by Certified Mail/Return Receipt Requested on the 14th day of May, 2020.  A copy of the Return Receipt Card is attached hereto as Exhibit "A."

May 21, 2020                                    /s/ *Vincent A. Tucceri, Esquire*

Date                                               Vincent A. Tucceri, Esquire

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ChemDesign Products, Inc.
2 Stanton Street
Marinette, WI 54143

9590 9402 5775 0003 1471 39

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☒ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

AMR C-008  5-14    5-14-26

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ ricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7018 2290 0000 9457 1984

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Plaintiff

Signature:  /s/ Vincent A. Tucceri

Name:  Vincent A. Tucceri, Esquire

Attorney No. (if applicable):  27643

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.: 20-005577 |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, E. I. DUPONT DE NEMOURS AND COMPANY, THE | ) | |
| CHEMOURS COMPANY LLC, | ) | CODE: 004 PRODUCTS LIABILITY |
| DOWDUPONT, INC., DUPONT | ) | |
| CHEMICAL SOLUTIONS ENTERPRISE, | ) | Filed on Behalf of: |
| THE CHEMOURS COMPANY FC, LLC, | ) | Coraopolis Water and Sewer Authority, |
| CHEMGUARD, INC., TYCO FIRE | ) | Plaintiff |
| PRODUCTS LP, THE ANSUL | ) | |
| COMPANY, JOHNSON CONTROLS | ) | Co-Counsel of Record for this Party: |
| INTERNATIONAL, PLC, KIDDE- | ) | |
| FENWAL, INC., KIDDE PLC, INC., | ) | Vincent A. Tucceri, Esquire |
| KIDDE FIRE FIGHTING, INC., UTC | ) | Pa. I.D. #27643 |
| FIRE & SECURITY AMERICAS | ) | vtucceri@gtnlaw.com |
| CORPORATION, INC., NATIONAL | ) | |
| FOAM, INC., ANGUS | ) | Nathaniel J. Boring, Esquire |
| INTERNATIONAL SAFETY GROUP, | ) | Pa. I.D. #321032 |
| LTD., ANGUS FIRE ARMOUR | ) | nboring@gtnlaw.com |
| CORPORATION, BUCKEYE FIRE | ) | |
| EQUIPMENT COMPANY, DYNEON | ) | Gaitens, Tucceri & Nicholas, P.C. |
| LLC, ARKEMA, INC., ARKEMA | ) | Firm #562 |
| FRANCE, S.A., SOLVAY SPECIALTY | ) | 519 Court Place |
| POLYMERS, USA, LLC, UNITED | ) | Pittsburgh, PA 15219 |
| TECHNOLOGIES CORPORATION, | ) | 412-391-6920 |
| CHUBB FIRE, LTD., ARCHROMA | ) | |
| MANAGEMENT, LLC. AGC, INC., | ) | Scott Summy, Esquire |
| DAIKIN INDUSTRIES, LTD., DAIKIN | ) | Cary McDougal, Esquire |
| AMERICA, INC., DYNAX | ) | Carla Burke Pickrel, Esquire |
| CORPORATION, JOHNSON | ) | Cristina Sanchez, Esquire |
| CONTROLS FIRE PROTECTION, | ) | Zack Sandman, Esquire |
| NATION FORD CHEMICAL | ) | Baron & Budd, P.C. |
| CORPORATION, NARCHEM | ) | 3102 Oak Lawn Avenue |
| CORPORATION, BASF | ) | Suite 1100 |
| CORPORATION, CHEMICALS, INC., | ) | Dallas, TX 75219 |
| CHEMDESIGN PRODUCTS, INC., | ) | 214-521-3605 |

CLARIANT CORPORATION,                )
CORTEVA, INC., DEEPWATER             )
CHEMICALS, INC., ELÉ                 )
CORPORATION, and JOHN DOE            )
DEFENDANTS 1-49,                     )
                                     )
                    Defendants.      )


**JURY TRIAL DEMANDED**

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

CORAOPOLIS WATER AND SEWER )   CIVIL DIVISION
AUTHORITY, )   G.D. No.:  20-005577
 )
           Plaintiff, )
 )   **AFFIDAVIT OF SERVICE OF**:
      vs. )
 )   **COMPLAINT IN CIVIL ACTION**
3M COMPANY, et al., )
 )
           Defendants. )   Filed on Behalf of:
 )   Coraopolis Water and Sewer Authority,
 )   Plaintiff

## AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION

I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the

Complaint in Civil Action upon Kidde Fire Fighting, Inc., Defendant herein, at the address of

400 Main Street, Ashland, MA 01721, by Certified Mail/Return Receipt Requested on the 14th day

of May, 2020.  A copy of the Return Receipt Card is attached hereto as Exhibit "A."

May 21, 2020                          /s/ Vincent A. Tucceri, Esquire
Date                                  Vincent A. Tucceri, Esquire

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kidde Fire Fighting, Inc.
400 Main Street
Ashland, MA  01721

9590 9402 5775 0003 1472 69

2. Article Number *(Transfer from service label)*

7018 2290 0000 9457 1823

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Covid-19
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
C. Date of Delivery
5/14/20

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...tricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Plaintiff

Signature:  /s/ Vincent A. Tucceri

Name:  Vincent A. Tucceri, Esquire

Attorney No. (if applicable):  27643

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) | CIVIL DIVISION |
| | ) | G.D. No.:  20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, E. I. DUPONT DE | ) | |
| NEMOURS AND COMPANY, THE | ) | |
| CHEMOURS COMPANY LLC, | ) | CODE:  004 PRODUCTS LIABILITY |
| DOWDUPONT, INC., DUPONT | ) | |
| CHEMICAL SOLUTIONS ENTERPRISE, | ) | Filed on Behalf of: |
| THE CHEMOURS COMPANY FC, LLC, | ) | Coraopolis Water and Sewer Authority, |
| CHEMGUARD, INC., TYCO FIRE | ) | Plaintiff |
| PRODUCTS LP, THE ANSUL | ) | |
| COMPANY, JOHNSON CONTROLS | ) | Co-Counsel of Record for this Party: |
| INTERNATIONAL, PLC, KIDDE- | ) | |
| FENWAL, INC., KIDDE PLC, INC., | ) | Vincent A. Tucceri, Esquire |
| KIDDE FIRE FIGHTING, INC., UTC | ) | Pa. I.D. #27643 |
| FIRE & SECURITY AMERICAS | ) | vtucceri@gtnlaw.com |
| CORPORATION, INC., NATIONAL | ) | |
| FOAM, INC., ANGUS | ) | Nathaniel J. Boring, Esquire |
| INTERNATIONAL SAFETY GROUP, | ) | Pa. I.D. #321032 |
| LTD., ANGUS FIRE ARMOUR | ) | nboring@gtnlaw.com |
| CORPORATION, BUCKEYE FIRE | ) | |
| EQUIPMENT COMPANY, DYNEON | ) | Gaitens, Tucceri & Nicholas, P.C. |
| LLC, ARKEMA, INC., ARKEMA | ) | Firm #562 |
| FRANCE, S.A., SOLVAY SPECIALTY | ) | 519 Court Place |
| POLYMERS, USA, LLC, UNITED | ) | Pittsburgh, PA  15219 |
| TECHNOLOGIES CORPORATION, | ) | 412-391-6920 |
| CHUBB FIRE, LTD., ARCHROMA | ) | |
| MANAGEMENT, LLC. AGC, INC., | ) | Scott Summy, Esquire |
| DAIKIN INDUSTRIES, LTD., DAIKIN | ) | Cary McDougal, Esquire |
| AMERICA, INC., DYNAX | ) | Carla Burke Pickrel, Esquire |
| CORPORATION, JOHNSON | ) | Cristina Sanchez, Esquire |
| CONTROLS FIRE PROTECTION, | ) | Zack Sandman, Esquire |
| NATION FORD CHEMICAL | ) | Baron & Budd, P.C. |
| CORPORATION, NARCHEM | ) | 3102 Oak Lawn Avenue |
| CORPORATION, BASF | ) | Suite 1100 |
| CORPORATION, CHEMICALS, INC., | ) | Dallas, TX 75219 |
| CHEMDESIGN PRODUCTS, INC., | ) | 214-521-3605 |

CLARIANT CORPORATION,                    )
CORTEVA, INC., DEEPWATER                  )
CHEMICALS, INC., ELÉ                      )
CORPORATION, and JOHN DOE                 )
DEFENDANTS 1-49,                          )
                                          )
                    Defendants.           )


**JURY TRIAL DEMANDED**

# IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) | CIVIL DIVISION<br>G.D. No.: 20-005577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF SERVICE OF**: |
| vs. | ) | |
| | ) | **COMPLAINT IN CIVIL ACTION** |
| 3M COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | Filed on Behalf of: |
| | ) | Coraopolis Water and Sewer Authority, |
| | ) | Plaintiff |

## AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION

I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the Complaint in Civil Action upon Solvay Specialty Polymers, USA, LLC, Defendant herein, at the address of 4500 McGinnis Ferry Road, Alpharetta, GA 30005, by Certified Mail/Return Receipt Requested on the 14th day of May, 2020. A copy of the Return Receipt Card is attached hereto as Exhibit "A."


<u>May 21, 2020</u>                              /s/ *Vincent A. Tucceri, Esquire*
Date                                            Vincent A. Tucceri, Esquire

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Solvay Specialty Polymers, USA, LLC
4500 McGinnis Ferry Road
Alpharetta, GA  30005

9590 9402 5775 0003 1473 20

2. Article Number (Transfer from service label)

7018 2290 0000 9457 1885

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Brooks
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
5-14-20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Plaintiff                         

Signature:  /s/ Vincent A. Tucceri            

Name:  Vincent A. Tucceri, Esquire            

Attorney No. (if applicable):  27643

**IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) ) | CIVIL DIVISION<br>G.D. No.:  20-005577 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **AFFIDAVIT OF SERVICE OF**: |
| 3M COMPANY, E. I. DUPONT DE | ) ) | **COMPLAINT IN CIVIL ACTION** |
| NEMOURS AND COMPANY, THE | ) | |
| CHEMOURS COMPANY LLC, | ) | CODE:  004 PRODUCTS LIABILITY |
| DOWDUPONT, INC., DUPONT | ) | |
| CHEMICAL SOLUTIONS ENTERPRISE, | ) | Filed on Behalf of: |
| THE CHEMOURS COMPANY FC, LLC, | ) | Coraopolis Water and Sewer Authority, |
| CHEMGUARD, INC., TYCO FIRE | ) | Plaintiff |
| PRODUCTS LP, THE ANSUL | ) | |
| COMPANY, JOHNSON CONTROLS | ) | Co-Counsel of Record for this Party: |
| INTERNATIONAL, PLC, KIDDE- | ) | |
| FENWAL, INC., KIDDE PLC, INC., | ) | Vincent A. Tucceri, Esquire |
| KIDDE FIRE FIGHTING, INC., UTC | ) | Pa. I.D. #27643 |
| FIRE & SECURITY AMERICAS | ) | vtucceri@gtnlaw.com |
| CORPORATION, INC., NATIONAL | ) | |
| FOAM, INC., ANGUS | ) | Nathaniel J. Boring, Esquire |
| INTERNATIONAL SAFETY GROUP, | ) | Pa. I.D. #321032 |
| LTD., ANGUS FIRE ARMOUR | ) | nboring@gtnlaw.com |
| CORPORATION, BUCKEYE FIRE | ) | |
| EQUIPMENT COMPANY, DYNEON | ) | Gaitens, Tucceri & Nicholas, P.C. |
| LLC, ARKEMA, INC., ARKEMA | ) | Firm #562 |
| FRANCE, S.A., SOLVAY SPECIALTY | ) | 519 Court Place |
| POLYMERS, USA, LLC, UNITED | ) | Pittsburgh, PA  15219 |
| TECHNOLOGIES CORPORATION, | ) | 412-391-6920 |
| CHUBB FIRE, LTD., ARCHROMA | ) | |
| MANAGEMENT, LLC. AGC, INC., | ) | Scott Summy, Esquire |
| DAIKIN INDUSTRIES, LTD., DAIKIN | ) | Cary McDougal, Esquire |
| AMERICA, INC., DYNAX | ) | Carla Burke Pickrel, Esquire |
| CORPORATION, JOHNSON | ) | Cristina Sanchez, Esquire |
| CONTROLS FIRE PROTECTION, | ) | Zack Sandman, Esquire |
| NATION FORD CHEMICAL | ) | Baron & Budd, P.C. |
| CORPORATION, NARCHEM | ) | 3102 Oak Lawn Avenue |
| CORPORATION, BASF | ) | Suite 1100 |
| CORPORATION, CHEMICALS, INC., | ) | Dallas, TX 75219 |
| CHEMDESIGN PRODUCTS, INC., | ) | 214-521-3605 |

CLARIANT CORPORATION,                    )
CORTEVA, INC., DEEPWATER                 )
CHEMICALS, INC., ELÉ                     )
CORPORATION, and JOHN DOE                )
DEFENDANTS 1-49,                         )
                                         )
                    Defendants.          )


**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS**
**OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| CORAOPOLIS WATER AND SEWER AUTHORITY, | ) ) ) | CIVIL DIVISION<br>G.D. No.:  20-005577 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **AFFIDAVIT OF SERVICE OF**: |
| 3M COMPANY, et al., | ) ) | **COMPLAINT IN CIVIL ACTION** |
| Defendants. | ) ) ) | Filed on Behalf of:<br>Coraopolis Water and Sewer Authority,<br>Plaintiff |

**AFFIDAVIT OF SERVICE OF COMPLAINT IN CIVIL ACTION**

I, Vincent A. Tucceri, Esquire, hereby certify that I served a true and correct copy of the Complaint in Civil Action upon The Ansul Company, Defendant herein, at the address of One Stanton Street, Marinette, WI 54143, by Certified Mail/Return Receipt Requested on the 14th day of May, 2020.  A copy of the Return Receipt Card is attached hereto as Exhibit "A."

May 21, 2020                                    /s/ Vincent A. Tucceri, Esquire
Date                                             Vincent A. Tucceri, Esquire

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Ansul Company
One Stanton Street
Marinette, WI 54143

9590 9402 5775 0003 1472 21

2. Article Number *(Transfer from service label)*

7018 2290 0000 9457 1793

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Katy A Baker*

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

*Katelyn Beekman*    5/14/20

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Plaintiff</u>

Signature: <u>/s/ Vincent A. Tucceri</u>

Name: <u>Vincent A. Tucceri, Esquire</u>

Attorney No. (if applicable): <u>27643</u>

'AMILY DIVISION
ITMENT OF COURT RECORDS
iHENY COUNTY
FLOOR CITY-COUNTY BUILDING
IANT STREET
3URGH PA  15219-2469

IN SERVICE REQUESTED

?20-5577

RETURN TO SENDER
INSUFFICIENT ADDRESS

U.S. POSTAGE ≫ PITNEY BOWE

ZIP 15219   $ 000.38
02 4W
0000348379 MAY 18 2020

Chubb Pirelle
Littleton ~~Other~~ Road
Ashland MA Middlesex

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

CORAOPOLIS WATER AND SEWER
AUTHORITY,

               Plaintiff,

          v.

3M COMPANY, E. I. DUPONT DE
NEMOURS AND COMPANY, THE
CHEMOURS COMPANY LLC,
DOWDUPONT, INC., DUPONT
CHEMICAL SOLUTIONS
ENTERPRISE, THE CHEMOURS
COMPANY FC, LLC, CHEMGUARD,
INC., TYCO FIRE PRODUCTS LP, THE
ANSUL COMPANY, JOHNSON
CONTROLS INTERNATIONAL, PLC,
KIDDE-FENWAL, INC., KIDDE PLC,
INC., KIDDE FIRE FIGHTING, INC.,
UTC FIRE & SECURITY AMERICAS
CORPORATION, INC., NATIONAL
FOAM, INC., ANGUS
INTERNATIONAL SAFETY GROUP,
LTD., ANGUS FIRE ARMOUR
CORPORATION, BUCKEYE FIRE
EQUIPMENT COMPANY, DYNEON
LLC, ARKEMA, INC., ARKEMA
FRANCE, S.A., SOLVAY SPECIALTY
POLYMERS, USA, LLC, UNITED
TECHNOLOGIES CORPORATION,
CHUBB FIRE, LTD., ARCHROMA
MANAGEMENT, LLC. AGC, INC.,
DAIKIN INDUSTRIES, LTD., DAIKIN
AMERICA, INC., DYNAX
CORPORATION, JOHNSON
CONTROLS FIRE PROTECTION,
NATION FORD CHEMICAL
CORPORATION, NARCHEM
CORPORATION, BASF
CORPORATION, CHEMICALS, INC.,
CHEMDESIGN PRODUCTS, INC.,
CLARIANT CORPORATION,
CORTEVA, INC., DEEPWATER
CHEMICALS, INC., ELE
CORPORATION, and JOHN DOE
DEFENDANTS 1-49

CIVIL DIVISION
G.D. No.: 20-005577

**PRAECIPE FOR APPEARANCE**

CODE: 004 PRODUCTS LIABILITY

Filed on Behalf of Defendant,
Nation Ford Chemical Corporation

Counsel of record for this party:

Frederick W. Bode, III, Esquire
Pa. I.D. #33391

Christopher D. Stofko, Esquire
Pa. I.D. #81979

Benjamin J. Martin, Esquire
Pa. I.D. #314629

Michael A. Muha, Esquire
Pa. I.D. #321216

Dickie, McCamey & Chilcote, P.C.
Firm #067
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
(412) 281-7272

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CORAOPOLIS WATER AND SEWER
AUTHORITY,

    Plaintiff,

  v.

3M COMPANY, et al.

    Defendants.

CIVIL DIVISION

G.D. No. 2020-005577

## PRAECIPE FOR APPEARANCE

  Kindly enter our Appearance for the Defendant, Nation Ford Chemical Corporation, in the above-entitled matter.

      Respectfully submitted,

      DICKIE, McCAMEY & CHILCOTE, P.C.


   By: */s/Frederick Bode, III, Esquire*
     Frederick W. Bode, III, Esquire
     Christopher D. Stofko, Esquire
     Benjamin J. Martin, Esquire
     Michael A. Muha, Esquire
     Two PPG Place, Suite 400
     Pittsburgh, PA 15222-5402
     (412) 281-7272

     *Counsel for Defendant, Nation Ford Chemical*
     *Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing PRAECIPE FOR

APPEARANCE was served this 1st day of June, 2020, via email and First-Class mail upon the following:

Vincent A. Tucceri, Esquire vtucceri@gtnlaw.com
Nathaniel J. Boring, Esquire nboring@gtnlaw.com
Gaitens, Tucceri & Nicholas, P.C.
519 Court Place
Pittsburgh, PA 15219

*All via First-Class mail:*
Scott Summy, Esquire
Cary McDougal, Esquire
Carla Burke Pickrel, Esquire
Cristina Sanchez, Esquire
Zack Sandman, Esquire
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
214-521-3605

Counsel for Plaintiffs


/s/ Frederick W. Bode, III, Esquire
Frederick W. Bode, III, Esquire

Counsel for *Defendant, Nation Ford Chemical Corporation*

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Nation Ford Chemical Corporation, Defendant

Signature: */s/Frederick W. Bode, III*

Name: Frederick W. Bode, III, Esquire

Attorney No. (if applicable): <u>33391</u>

10641292.1

3